MERTON L. KIMBALL, Trustee, *vs.* CHARLES A. DRESSER.

Oxford.    Opinion March 25, 1904.

*Bankruptcy.    Preference,* defined.    *Action,* not sustained.    *Bankruptcy Act, 1898,* §§ *1, 60.*

In order to entitle a trustee, under the Bankruptcy Act of 1898, to recover a preference, he must prove (1) the insolvency of the debtor, (2) the payment by the bankrupt to the creditor, and (3) a consequent inequality between creditors of the same class.

*Held;* that a want of proof to sustain all these elements of a preference will preclude a recovery.

On report.    Judgment for defendant.

This was an action brought by the plaintiff as trustee in bankruptcy of the estate of Edgar F. Hodsdon of Roxbury, to recover of the defendant the sum of one hundred and fifty dollars, alleged by the plaintiff to have been paid by said Hodsdon to the defendant on an existing debt, within four months of the filing of petition in bankruptcy by said Hodsdon, and while said Hodsdon was insolvent. The action is brought under section 60 b of the United States Bankruptcy Act of 1898, and the declaration alleged that at the time of said payment the defendant had reasonable cause to believe that it was intended thereby to give a preference, and that at the time of said payment said Hodsdon was insolvent. It was admitted at the trial

below that the payment on account was made but fifteen days before the filing of the petition, $100 by check from the Dunton Lumber Co., and $50, as a credit for camps which had been owned by the bankrupt and were transferred to the defendant by him on the same day that the $100 was paid.

The case appears in the opinion.

*A. S. and M. L. Kimball,* for plaintiff.

Jurisdiction: *Bardes* v. *First Natl. Bank,* 4 A. B. R. 163; *In re Blair,* 4 A. B. R. 220. Preference: *In re Fixen & Co.* 4 A. B. R. 10. Reasonable cause to believe: *In re Philip Jacobs,* 1 A. B. R. 518; *Crittenden* v. *Barton,* 5 A. B. R. 775. Interest: *Traders Natl. Bank* v. *Campbell,* 14 Wall. 87.

*J. P. Swasey,* for defendant.

Counsel cited: *Warren* v. *Moody,* 122 U. S. 132; *Grant* v. *First National Bank,* 97 U. S. 81; *Dixson* v. *Wyman,* 7 A. B. R. 186; *McKey* v. *Lee,* 5 A. B. R. 267.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, SPEAR, JJ.

SPEAR, J. This case comes up on report.

It is an action brought by the plaintiff as trustee in bankruptcy of Edgar R. Hodsdon of Roxbury, in the County of Oxford, to recover of the defendant the sum of $150, which the plaintiff alleges was paid by said Hodsdon to said defendant in violation of the U. S. Bankruptcy Act of 1898. The plaintiff in his writ alleges that Hodsdon filed a voluntary petition in bankruptcy on the 16th of May, 1901, and that on the 29th day of April, 1901, "said Hodsdon being then and there indebted to said defendant, in a sum to said plaintiff unknown, then and there paid to said defendant the sum of $150; that on the day of said payment said Hodsdon was insolvent and unable to pay his debts in the ordinary course of business; that said defendant received said sum of $150 from said Hodsdon on the 29th day of April, 1901, and that said defendant, at the time of receiving said sum, had reasonable cause to believe that said Hodsdon was then and there insolvent and unable to pay his debts in the

ordinary course of business, and that it was intended thereby, to wit: by the said payment of $150 to give said defendant preference within the meaning of said bankruptcy act."

The allegations in the declaration as to the time of payment and the filing of the petition are undisputed. But it is further incumbent upon the plaintiff, in order to sustain his action, to prove that the payment to the defendant was a preference under the bankrupt act. Paragraph 60 defines a preference as follows: "A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

A preference under this law, says Collier on Bankruptcy, p. 6, has but three elements: "(a) insolvency, (b) the procuring or suffering of the judgment or the making of the transfer by the bankrupt, (c) a constant inequality between creditors of the same class." The making of a transfer under (b) is admitted. We therefore are required to consider only the two other items, (a) and (c). Under (c), in order to entitle the plaintiff to set aside the payment to the defendant, it is incumbent upon him to prove, by a fair preponderance of the evidence, that at the time the payment was made, May 1st, 1901, Edgar F. Hodsdon was insolvent within the meaning of par. 15, section one of the act of 1898, to wit: "A person shall be deemed insolvent within the provisions of this act, whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed or removed, or permitted to be concealed or removed, with an attempt to default, hinder or delay his creditors, shall not at a fair valuation be sufficient in amount to pay his debts." Upon this point the plaintiff offered no testimony and did not present any statement of the assets and liabilities of the bankrupt. The only evidence from which an inference of the insolvency of the bankrupt, at the time he made the payment,

could be drawn, was the admission that seventeen days later he was adjudged a bankrupt on his own petition. While it may be highly probable that the bankrupt was insolvent on the 29th day of April, it by no means follows as a legal inference that he was so, from the fact that he went into bankruptcy on the 16th of May. Many contingencies, such as unwise investments, losing contracts, misfortune or accident, might happen in seventeen days to reduce this bankrupt or any other person from a condition of solvency to one of insolvency. We think the evidence entirely fails to sustain the allegation that the bankrupt on the 29th day of April, 1901, was insolvent.

Upon the third element, which the plaintiff must prove in order to sustain the allegation of a preference, he offers no evidence; but upon this point it is also incumbent upon him to show affirmatively that the payment made to the defendant gave him an opportunity to obtain a greater percentage of his debt than any other creditors of the same class. But here, again, we have no statement of the assets or liabilities of the bankrupt and no explanation of the nature or character of the indebtedness of the bankrupt to the defendant, whether it was preferred or otherwise, except the admission that the balance due the defendant was $262.57. From anything that appears in the case, the bankrupt, on the first day of May, 1901, may not have owed any other person. There is nothing upon which the court is able to determine what the estate would be able to pay. Every other creditor may be a preferred creditor with funds in the estate sufficient to pay him in full. We find nothing in the case that tends to show that the payment to the defendant enabled him to obtain a greater percentage of his debt than other such creditors of the same class. The want of proof upon these elements precludes the plaintiff from maintaining this action. It is unnecessary to consider the other points raise by the defendant.

*Judgment for the defendant.*