## FRANK EATON, TRUSTEE, *vs.* THE STANDARD OIL COMPANY OF NEW YORK.

Third Judicial District, New Haven, January Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

An alleged preferential payment made by a debtor to one of his creditors cannot be recovered by the debtor's trustee in bankruptcy, unless it be found that at the time of such payment the debtor was insolvent, and the creditor had reasonable cause to believe that such was the fact and that the payment would effect a preference under the Bankrupt Act.

Evidence of what the assets of a bankrupt brought at auction on their sale by the trustee, does not tend to prove whether the debtor was insolvent seven months before, unless it be coupled with evidence as to the amount or value of the stock bought and sold by the trustee during that intervening period; and the same is equally true of evidence of the amount of the appraisal: it does not tend to prove the debtor's condition three months earlier, unless evidence be given of what happened to his property meanwhile.

Conclusions of the trial court drawn from subordinate facts, are reviewable by this court as questions of law; and for this purpose no correction of the finding is required.

Submitted on briefs January 18th—decided March 1st, 1924.

ACTION by a trustee in bankruptcy to recover alleged preferential payments made by the bankrupt to one of his creditors, brought to and tried by the Superior Court in New Haven County, *Jennings, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Frank P. McEvoy,* for the appellant (plaintiff).

*John H. Cassidy,* for the appellee (defendant).

KELLOGG, J. The plaintiff, as trustee of the bankrupt estate of one Charles F. Cleary, who had on December 31st, 1920, filed a voluntary petition in bankruptcy and was adjudicated a bankrupt, brings this action under subdivisions (a) and (b) of § 60 of the Bankrupt Law of 1898 (30 U. S. Stat. at Large, 562) as amended by the Act of 1903 (32 U. S. Stat. at Large, 799) and further amended by the Act of June 25th, 1910 (36 U. S. Stat. at Large, 842), appearing in U. S. Compiled Statutes, 1918, § 9644, to recover the amount of approximately $600 claimed to have been transferred and paid over by the said Cleary to the defendant on or about December 28th, 1920, and within four months before the filing of the petition in bankruptcy; said payment and transfer being alleged to have been made when Cleary was insolvent, and with the effect that the defendant obtained a greater percentage of its debt than any other creditor of the same class; and it being further alleged that at the date of said transfer and payment by the said Cleary to the defendant, the defendant had reasonable grounds to believe that said transfer and payment would effect a preference within the meaning of the Act of Congress relating to bankruptcy. The answer denies these allegations.

Subdivisions (a) and (b) of the Bankrupt Act, as finally amended by the Act of 1910, are printed in the footnote.

"a. A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any

In order to show that a preference voidable under
§ 60 of the Bankruptcy Act has been given, it is neces-
sary to prove that the debtor was insolvent, that he
made a transfer of his property, that such transfer
was made within four months before the filing of his
petition in bankruptcy, that its effect was to enable
a creditor to obtain a greater percentage of his debt
than other creditors of the same class, and that such
creditor should then have reasonable cause to be-
lieve that the transfer would effect a preference. *Wrenn*
v. *Citizens National Bank*, 96 Conn. 374, 114 Atl. 120.
It is therefore clear that the plaintiff must prove to
the satisfaction of the court five separate propositions
in order to render a preference voidable, namely: in-
solvency of the debtor, a transfer of his property,
the transfer to be within four months before the filing
of his petition in bankruptcy, its effect enabling a

---

person, or made a transfer of any of his property, and the effect of the
enforcement of such judgment or transfer will be to enable any one of
his creditors to obtain a greater percentage of his debt than any other
of such creditors of the same class. Where the preference consists in a
transfer, such period of four months shall not expire until four months
after the date of the recording or registering of the transfer, if by law
such recording or registering is required.

"b. If a bankrupt shall have procured or suffered a judgment to be
entered against him in favor of any person or have made a transfer of
any of his property, and if, at the time of the transfer, or of the entry
of the judgment, or of the recording or registering of the transfer if by
law recording or registering thereof is required, and being within four
months before the filing of the petition in bankruptcy or after the filing
thereof and before the adjudication, the bankrupt be insolvent and the
judgment or transfer then operate as a preference, and the person re-
ceiving it or to be benefited thereby, or his agent acting therein, shall
then have reasonable cause to believe that the enforcement of such
judgment or transfer would effect a preference, it shall be voidable by
the trustee and he may recover the property or its value from such
person. And for the purpose of such recovery any court of bankruptcy,
as hereinbefore defined, and any state court which would have had
jurisdiction if bankruptcy had not intervened, shall have concurrent
jurisdiction."

creditor to obtain a greater percentage of his debt than any other creditor of the same class, and that such creditor should then have reasonable cause to believe that the transfer would effect a preference. A failure to prove any one of these five requisites must result in a finding that the preference, if any, is not voidable.

That there was a transfer, that it was within the limited time, and that it gave this creditor a greater percentage of its debt than other creditors of the same class, seems to be without dispute. As to the insolvency, and that the creditor should at the time of the transfer have reasonable cause to believe that the transfer would effect a preference, the court has found that there was nothing said or done by Cleary to indicate to the defendant's agent that he, Cleary, was insolvent, that the plaintiff offered no evidence to prove that at the time the money was paid to the defendant's agent the aggregate of Cleary's assets, taken at a fair valuation, was less than the aggregate of his liabilities; and further, that at the time of the payments the said Cleary was not insolvent, and neither the defendant nor its representative had reasonable cause to believe that Cleary was insolvent, and that the payments would effect a preference within the meaning of the Act of Congress relating to bankruptcy.

The plaintiff has made no effort to correct the finding of the court in this case, but relies upon the authority of *Neff* v. *Neff*, 96 Conn. 273, 114 Atl. 126, and *Hayden* v. *Allyn*, 55 Conn. 280, 11 Atl. 31, and *Adams* v. *Turner*, 73 Conn. 38, 46 Atl. 247, to have the conclusions of the court reviewed as a question of law from the subordinate facts found; and there can be no doubt that such action can be taken by this court.

A careful examination of all subordinate facts as found by the court discloses that the claims filed with

the referee in bankruptcy exceeded the inventory taken by Cleary at about the time of the payments to the defendant, by approximately $2,000, and that therefore it could, possibly, be found that Cleary was actually insolvent at the time of these payments; but these subordinate facts do not disclose that at the time of the payments to the defendant it then had reasonable cause to believe that these payments would effect a preference. It is found that the location of Cleary's business was a very good one and the volume of business done by him was large, that his stock of merchandise was new and clean and his business well kept and conducted, that he stated to the defendant's agent and the officer attending him that there was no necessity of making an attachment against his property, that he was financially able to pay the bill of the defendant and that he had a large number of credits outstanding. Inasmuch as this court cannot find from the subordinate facts that the court erred in its second and third conclusions relating to the belief of the defendant as to the insolvency of Cleary and an illegal preference, the plaintiff has failed to prove one, at least, of the propositions necessary to effect a voidable preference.

Two rulings on evidence were also complained of by the plaintiff: one, the rejection of evidence showing the amount received by the trustee in bankruptcy upon the sale by auction on July 23d, 1921, of the property of the bankrupt then in the trustee's hands, and the other the exclusion of the appraisal of the estate of the bankrupt on April 6th, 1921. The evidence in each case was offered as tending to prove the insolvency of the bankrupt on December 28th, 1920. The court has found that the plaintiff conducted this business of the bankrupt from his appointment as receiver on December 31st, 1920, for some period of

time, and sold quantities of merchandise at retail until the 23d day of July, 1921, when the stock of merchandise was sold at public auction. The record discloses that the evidence offered in regard to the sale by auction was excluded at the time by the court unless the plaintiff furnished additional information as to the amount of stock on hand at the time of adjudication and what was bought and sold by the receiver. No evidence was afterward offered by the plaintiff concerning the additional information, and without this, the amount received from the sale over six months later could give no basis for determining the value of the bankrupt's merchandise in the previous December. This evidence was rightly excluded.

The same condition also applies to the evidence offered of the appraisal in April, 1921. There was no evidence offered as to the amount of sales by the receiver for the prior three months, and therefore the appraisal by itself could be of no value in determining the status of the bankrupt's estate in December, 1920.

There is no error.

In this opinion the other judges concurred.