# Jenkins, Trustee in Bankruptcy, *v.* North Pole Ice Company, Appellant.

*Judgments—Bankruptcy—National Bankruptcy Act of 1898, section 67, clause (f)—Insolvency—Evidence—Burden of proof—Discharge of liens by bankrupt proceedings—Attachments.*

A lien of a judgment entered within four months prior to the filing of a petition in bankruptcy against the judgment debtor who is declared a bankrupt is not invalid, under the provisions of clause (f), section 67, of the National Bankruptcy Act of 1898, which declares null and void judgments, attachments and other liens obtained against an insolvent within four months prior to the filing of a petition in bankruptcy against him, in case he is adjudged a bankrupt, unless it appears that the defendant was insolvent at the time when the judgment was entered. The burden of proving such insolvency rests upon the party alleging it, and where on the

record the judgment is regular and apparently valid, and those attacking its validity have not established their allegations by affirmative proof, the judgment will be allowed to stand.

Money paid by a garnishee on an attachment execution cannot be recovered as part of the bankrupt's estate, where no proof of the insolvency of the debtor at the time the judgment was given is produced.

*Appeals—Statement showing how questions arose and were decided in court below—Rule 56, Superior Court.*

Where parties have agreed for the purpose of the appeal upon a statement showing how the questions arose and were decided in the court below and have filed it in accordance with Rule 56 of the Superior Court, such statement supersedes all other parts of the record except the judgment, order or decree from which the appeal was taken.

Argued April 28, 1924.   Appeal, No. 49, April T., 1924, by defendant, from judgment of C. P. Allegheny Co., April T., 1922, No. 1404, directing a verdict for the plaintiff in the case of W. W. Jenkins, Trustee in Bankruptcy of the Estate of James Jefferson McClain, v. North Pole Ice Company.   Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Assumpsit to recover amount paid on attachment execution.   Before REID, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the plaintiff in the sum of $756.17 and entered judgment thereon.   Defendant appealed.

*Error assigned* was, among others, refusal of defendant's motion for judgment non obstante veredicto.

*George B. Berger,* and with him *Calvert, Thompson & Wilson,* for appellant.—Judgments and attachments obtained against a bankrupt within four months of the bankruptcy are not necessarily void: Remington on Bankruptcy, 3d edition, 1923, section 1864; Loveland on

Bankruptcy, 4th edition, section 437, pages 909-910; Collier on Bankruptcy, 3d edition, page 434; In re Beaver Coal Co., 113 Fed. 889 (C. C. A.) 891; In re Blair, 108 Fed. 529; Simpson v. Van Etten, 108 Fed. 199; Stone-Ordean-Wells Co. v. Mark, 227 Fed. 973; Martin v. Oliver, 260 Fed. 89; In re Ann Arbor Machine Co., 278 Fed. 749; Keystone Brewing Co. v. Schermer, 241 Pa. 361.

The burden is upon him who claims that a lien is void under section 67 (f) to plead and prove the insolvency of the person against whom it was obtained at the time it was secured.

*L. C. Barton,* for appellee.—The payment by the garnishee was wrongful and illegal and could be recovered: Cochran v. Fox Chase Bank, 209 Pa. 34, 39; Stufflebeam v. DeLachmutt, 101 Fed. Rep. 367, 370; Schempp v. Fry, 165 Pa. 510; Scottish Rite et al. v. Union Trust Co., 195 Pa. 45; Kutz v. Nolan, 224 Pa. 262; Acme Harvester Co. v. Beckman, 222 U. S. 303; Bank v. Sherman, 101 U. S. 403.

OPINION BY TREXLER, J., July 2, 1924:

The parties have agreed for the purpose of this appeal upon a statement showing how the questions arose and were decided in the court below and have filed it in accordance with rule 56 of this court. This supersedes all other parts of the record except the judgment order or decree from which the appeal is taken. We call attention to this for reasons which will appear later. The facts are as follows: On October 20, 1921, Wentzler brought suit in Westmoreland County against McClain to recover balance due under a contract for the use and hire of certain motor trucks; November 15, 1921, judgment was entered; November 19, 1921, exemplification of the judgment was filed in Allegheny County and the same day attachment execution was issued against the North Pole Ice Company; December 28, 1921, judgment

against garnishee; January 9, 1922, voluntary bankruptcy proceedings started and the same day McClain declared a bankrupt; January 11, 1922, North Pole Ice Company paid the amount of the judgment obtained against them in the attachment proceedings; January 20, 1922, plaintiff was appointed trustee in bankruptcy. The judgments or proceedings in question were obtained or issued within four months preceeding the adjudication in bankruptcy, but there is no allegation of insolvency of the debtor at the time the lien was obtained. The present suit is brought by the trustee in bankruptcy to recover the amount paid to the attaching creditor upon the theory that the amount so paid can be recovered as part of bankrupt's estate because said judgments and proceedings were void. Section 67-C of the Bankruptcy Act provides in part, "A lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon mesne process or a judgment by confession, which was begun against a person within four months before the filing of a petition in bankruptcy by or against such person shall be dissolved by the adjudication of such person to be a bankrupt if it appears that said lien was obtained and permitted while the defendant was insolvent and that its existence and enforcement will work a preference." Section 67-F provides: "That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt." The provisions of these sections have been declared irreconcilable but they have this in common that both provide that the lien or judgment shall be void in the case of a person who is insolvent. In other words to have their

provisions apply it must appear that at the time the lien or judgment was entered the person against whom it was obtained was insolvent: U. S. Compiled Statutes Vol. 9, 11655. The fact that he was declared a bankrupt thereafter does not necessarily carry the inference that he was insolvent at the time the lien was obtained. Recurring to the facts above set forth there is no statement anywhere on the record as presented that McClain was insolvent at the time the lien of the attachment was obtained. The burden of proving insolvency is on the one alleging it: 7 C. J. 198, Note 92B; Liberty Nat. Bk. v. Bear, Trustee, etc., 238 Oct. T., 1923, U. S. May 26, 1924. We are not without authority in our State on this subject for our Supreme Court in Keystone Brewing Company v. Schermer, 241 Pa. 361, 365, 366, through Mr. Justice POTTER, quotes with approval from Simpson v. Van Etten, 108 Fed. 199, "Not all liens obtained against one afterwards and within four months adjudged bankrupt are deemed null and void. It must appear that the person whose property is subject to the lien was insolvent at the time of the creation of the lien. It is evident a lien might be obtained against one who is adjudged bankrupt within four months thereafter, but who was not insolvent at the time the lien was obtained. The act of bankruptcy and the insolvency might have occurred at some period subsequent to the creation of the lien. If so, the adjudication of bankruptcy would in no way determine whether or not the party was insolvent at the time the lien was created. The correctness of this view of the effect of clause 'f' is, I think, unquestionable." Farther on, not quoting, "We think too, that the referee rightly held that the burden of proving the insolvency of the judgment debtor at the date of the entry of the judgment rested upon the party alleging it. On the record the judgment is regular and apparently valid, and it is incumbent on those attacking its validity to establish their allegations by affirmative proof." See also Rudisill's Trustee v. Wildasin, 275 Pa. 255. The absence of any

proof, on the record as presented, as to the insolvency of McClain at the time the lien was obtained against the fund in the hands of the defendant is fatal to plaintiff's case.

The judgment is reversed and is now entered in favor of the defendant.