THE TRENTON TRUST COMPANY *vs.* CARLISLE TIRE CORPORATION.

Third Judicial District, New Haven, June Term, 1929.

WHEELER, C. J. MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued June 11th—decided October 8th, 1929.

*Jackson Palmer,* with whom, on the brief, were C. *Milton Fessenden, Matthew H. Kenealy* and *Daniel E. Ryan,* for the appellant (plaintiff).

*Raymond E. Hackett,* for the appellee (defendant).

MALTBIE, J. On October 26th, 1922, this action was begun by process of attachment upon the property of the defendant. It secured a dissolution of the attachment by furnishing a bond in the statutory form. Within four months after the attachment a bankruptcy petition was filed against the defendant and it was thereafter adjudged a bankrupt. The plaintiff

filed no claim against the bankrupt estate, but after the discharge it proceeded with this action, seeking a special judgment to enable it to proceed against the surety upon the bond. By the provisions of § 67f of the Bankruptcy Act it is provided: "All levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate. . . . and thereupon the same may pass to and shall be preserved . . . for the benefit of the estate as aforesaid." This provision requires that to avoid an attachment the bankrupt must have been insolvent at the time it was made. *Liberty National Bank* v. *Bear,* 265 U. S. 365, 369, 44 Sup. Ct. 499, 4 Remington on Bankruptcy, § 1892. Clause 15 of § 1 of the Bankruptcy Act provides that "a person shall be deemed insolvent within the provisions of this Act whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, with intent to defraud, hinder or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts." "Fair valuation" is defined, perhaps as well as it can be and at least sufficiently for our purposes, in *Grandison* v. *National Bank of Commerce of Rochester,* 231 Fed. 800, 804: "The term 'fair valuation,' as used in the Bankruptcy Act, means the fair cash value or the fair market value of the property as between one who wants to purchase and one who wants to sell the property. If the bankrupt had

wanted to sell its property, the price it could have obtained for it upon the market from parties who wanted to buy and would give its fair value is the fair valuation which the statute refers to." See also *Duncan* v. *Landis,* 106 Fed. 839; *In re Hines,* 144 Fed. 142; *Stern* v. *Paper,* 183 Fed. 228.

The trial court has found that the debts of the defendant on October 26th, 1922, amounted to not less than $379,135.13 and that the aggregate value of all the defendant's properties and assets on that day did not exceed $300,000 and that the defendant's property was not on that day nor has it ever been since sufficient in amount to pay the defendant's debts and it was then and ever since has been insolvent. No claim is made that the trial court did not apply a proper rule in determining the fair valuation of the defendant's property, but the plaintiff attacks these findings as not having reasonable support in the evidence. A careful study and analysis of the evidence not merely discloses reasonable support for the finding but indicates that the trial court could not well have found the defendant to be solvent on October 26th, 1922. That being so, the attachment was dissolved by the filing of the petition in bankruptcy and no recovery could be had upon the bond. *Republic Rubber Co.* v. *Foster,* 95 Conn. 551, 111 Atl. 839.·

As the claim of the plaintiff lacks essential support in this particular, it is not necessary to consider most of the other claims of error. The plaintiff does complain of certain rulings upon evidence. Most of these do not merit attention. In several instances, contrary to proper practice, a number of rulings are presented in a single paragraph. Moreover, the argument in support of these claims of error is based upon the evidence printed in the effort to secure corrections in the finding and not upon the statements of the rulings

found in it. Only three of these rulings justify consideration. A witness, Strachan, who was closely connected with the affairs of the defendant from the time of the appointment of the creditors' committee in November, 1922, until the final settlement of the bankrupt's estate, was asked as to the value of a certain note and a certain trade acceptance held by it, and testified as to efforts made to realize upon them. In connection with this testimony he stated that the trustee in bankruptcy had received nothing from them. We are unable to see why this fact was not admissible as bearing upon the value of the instruments at the time the attachment was made. The schedules in bankruptcy were admitted in evidence apparently for the purpose of showing the amount of the liabilities of the defendant, but any error in that regard was obviated by the fact that from the books of the company in evidence and other testimony liabilities to a greater amount than those scheduled had already been shown and the further fact that those appearing upon the books alone were in excess of the total value of the assets of the company as found by the court; so that we cannot regard the ruling as harmful. The qualification of the witness Timpson to testify as to the value of the machinery owned by the defendant was sufficiently shown to place the admission of his testimony within the sound discretion of the court. *Katz* v. *Delohery Hat Co.,* 97 Conn. 665, 681, 118 Atl. 88.

There is no error.

In this opinion the other judges concurred.