LEO DAVIS, TRUSTEE IN BANKRUPTCY OF JOHN M. MUNSIE, *vs.* HENRY GREENSTEIN.

Third Judicial District, Bridgeport, October Term, 1930.

MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 6th, 1930—decided January 13th, 1931.

*Morris Gottlieb,* of New York City, for the appellant (plaintiff).

*Edward J. McAlenney,* with whom was *Clifford B. Wilson,* for the appellee (defendant).

BANKS, J. This is an action by a trustee in bankruptcy against the attorney for the bankrupt alleging, in one count, that certain notes of a face value of $5041.80 were transferred by the bankrupt to the defendant with intent to hinder, ·delay and defraud his

creditors, and, in a second count, that within four months of his adjudication as a bankrupt, the bankrupt paid the defendant $1200, the amount of a debt due him, that the bankrupt was then insolvent and the effect of the payment was to enable the defendant to obtain a greater percentage of his debt than other creditors of the same class and that the defendant had reasonable cause for believing that such payment would give him a preference over other creditors. The plaintiff called the defendant as his own witness in support of the allegations of the complaint and produced no other evidence of substance. The defendant offered no evidence. The plaintiff seeks to have the finding corrected by incorporating therein numerous paragraphs of the draft-finding. The finding is concise to a degree, and it was admitted upon argument that a number of the paragraphs of the draft-finding contained admitted or undisputed facts not included in the court's finding.

The facts as disclosed by the finding, with such additions and corrections as we have felt justified in making, are as follows: John M. Munsie was adjudged a bankrupt on February 10th, 1928. The defendant had known him many years and had rendered him professional services as his attorney since 1926. Dora Gottlieb brought an action against Munsie returnable to the Court of Common Pleas on the first Tuesday of January, 1927, in which Rockwell & Company were named as garnishees, and in which action the defendant represented Munsie as his attorney. Between August 16th and 29th, 1927, and during the pendency of that action Munsie endorsed to the defendant as attorney and without consideration, four promissory notes of $1000 each dated August 16th, 1927, and due on September 10th, October 10th, November 10th and December 10th, 1927, respectively, and a fifth note of

$1046.86 dated August 16th, 1927, and due January 10th, 1928, all issued by Rockwell & Company. On January 13th, 1928, judgment was rendered in favor of Dora Gottlieb to recover of Munsie the sum of $1128.95, an execution upon which was later returned unsatisfied. On January 25th, 1928, Munsie was indebted to the defendant in the sum of $1200, which indebtedness he paid on that date. On February 4th, 1928, the defendant prepared a voluntary petition and schedules in bankruptcy for Munsie as attorney for the petitioner. It appeared from the bankruptcy schedules that Munsie had no assets of any value and was indebted to Dora Gottlieb in the sum of $24,-628.95. Upon these facts the plaintiff claimed to have established that the transfer of the notes aggregating $5046.86 to the defendant was made with intent to hinder, delay and defraud Munsie's creditors, and that the payment of $1200 to the defendant was a voidable preference, in that at the time it was made Munsie was insolvent, the effect of the payment was to give the defendant a greater percentage of his debt than the other creditors of Munsie, and that the defendant had reasonable cause for believing that he was receiving a preference over other creditors. The court reached the following conclusions: 1. The notes in question were endorsed to the defendant for collection only and he had no ownership or beneficial interest in them. 2. The defendant accounted to his client for all moneys collected on said notes. 3. The payment of $1200 to the defendant within four months of bankruptcy was made in the regular course of business without intent to create a preference.

The second of these, though stated as a conclusion, is essentially the finding of a subordinate fact which was without evidence to support it. In its third conclusion the court made the question of whether or not

the defendant had received a voidable preference to turn upon the decision as to whether the payment of the $1200 was made by the bankrupt with or without an intent to create a preference. This involved a misconception of the essential elements of proof in an action by a trustee in bankruptcy to recover a preference. Section 60 (a) of the Bankruptcy Act of 1898 as amended February 5th, 1903, defines a preference as follows: "A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, . . . made a transfer of any of his property, and the effect of the enforcement of such . . . transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class." Section 60 (b) of the Act as amended June 25th, 1910, provides: "If a bankrupt shall have . . . made a transfer of any of his property, or if, at the time of the transfer, . . . being within four months before the filing of the petition in bankruptcy . . ., the bankrupt be insolvent and the . . . transfer then operate as a preference, and the person receiving it . . . shall then have reasonable cause to believe that the enforcement of such . . . transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person." The Act originally provided that a preference was voidable by the trustee if the person receiving it "had reasonable cause to believe that it was intended thereby to give a preference." The amendment of 1910 eliminated the element of intent and made the question of voidability depend upon the effect of the transfer and the existence of a reasonable cause to believe that the effect would be to create a preference. There are five essential elements of proof in an action to recover a preference under the Bankruptcy Act:

(1) The insolvency of the debtor, (2) a transfer of his property to a creditor, (3) that the transfer was made within four months of bankruptcy, (4) that its effect was to enable the creditor to obtain a greater percentage of his debt than other creditors of the same class, and (5) that the creditor had reasonable cause to believe that the transfer would effect a preference. *Eaton* v. *Standard Oil Co.*, 100 Conn. 443, 124 Atl. 21. The court found that there was a transfer by Munsie to the defendant and that it was within four months of his bankruptcy, but has made no finding as to the other three necessary elements of a preference. It failed to do so, apparently, because it deemed that it was still necessary for the trustee, in order to recover, to prove that the defendant had reasonable cause to believe that there was an intent to create a preference. The plaintiff claims that upon the undisputed facts there can be no question that Munsie, who on February 4th owed over $24,000 and had no assets, was insolvent ten days before, and that the defendant received a greater percentage of his debt than other creditors, and that he had reasonable cause for believing that he was receiving a preference was, under the circumstances, a necessary inference from the knowledge of Munsie's affairs which he acquired as his attorney. However that may be, the court was in error in basing its decision as to the voidability of this transfer upon a finding of lack of intent to create a preference rather than upon whether the defendant had reasonable cause to believe that such would be its effect.

The court erroneously excluded evidence offered by the plaintiff to prove the date when the Gottlieb action against Munsie was started and that it was pending when the transfer of the notes was made, but the ruling was harmless since the court has found the facts which this evidence was offered to prove. The

defendant alleged in his first defense that the notes were endorsed to him solely for the purpose of collection. Upon his examination by the plaintiff he was asked if he did not write a letter to the maker of the notes in which he stated that Munsie had endorsed the notes to him for a valuable consideration. The evidence was excluded upon a general objection that it was immaterial and irrelevant. It was relevant as an admission by the defendant inconsistent with the allegations of the answer.

The stenographer in attendance upon the trial was also the stenographer who took the evidence in the Munsie bankruptcy proceedings. The plaintiff offered to identify through her a transcript of the testimony given by the defendant in the bankruptcy proceedings, and also offered to call her as a witness to prove admissions made by the defendant upon the hearing before the referee in bankruptcy. The court ruled that the transcript was not admissible, and stated that the stenographer was a necessary arm of the court, and would not permit her to mark the transcript for identification nor to take the stand as a witness. The practical difficulty arising out of the fact that a stenographer in attendance upon a trial may also be a material witness in the case is not one which should result in a party being deprived of the testimony of such witness. The court in such case should call in another stenographer or make some arrangement so that the testimony offered may be received. The court erred in its refusal to permit the stenographer to take the stand as a witness, and in refusing to permit the transcript of the defendant's testimony in the bankruptcy proceedings to be marked for identification. Since the transcript is not before us, because of the refusal of the court to permit it to be marked for iden-

tification, we are unable to pass upon the court's ruling that it was inadmissible.

There is error and a new trial is ordered.

In this opinion the other judges concurred.