THE FIRST BOND AND MORTGAGE COMPANY *vs.* JOHN J. QUINN ET ALS.

First Judicial District, Hartford, January Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 8th—decided March 3d, 1931.

*Aaron Nassau,* with whom, on the brief, was *Francis P. Rohrmayer,* for the appellant (defendant Trustee in Bankruptcy).

*Ufa E. Guthrie,* for the appellee (defendant The Edwin Taylor Lumber Company).

BANKS, J. The appellee held a third mortgage upon the property covered by the plaintiff's mortgage. After a foreclosure by sale of the plaintiff's mortgage and a supplemental judgment ordering the payment of the amount due on that mortgage and a second mortgage out of the proceeds of the sale, the appellant, trustee

in bankruptcy of Quinn, the owner of the equity of redemption, having been permitted to intervene as a party defendant, filed a cross-complaint alleging that the appellee's mortgage constituted a voidable preference in bankruptcy, and praying that it be set aside as such. The court found the issues under the cross-complaint in favor of the appellee, and entered a further supplemental judgment awarding to it as third mortgagee the remaining portion of the proceeds of the sale of the mortgaged property, and the trustee in bankruptcy appealed.

Quinn owned a lot in West Hartford upon which he built a house which was completed in December, 1928. He had given the plaintiff a building loan mortgage upon the property of $9500, and it was also subject to a second mortgage of $1750. The plaintiff commenced this action to foreclose its mortgage on September 19th, 1929. On September 21st, 1929, Quinn gave the Taylor Lumber Company a third mortgage of $2846 as security for his indebtedness to it in that amount for material furnished in the construction of the house. On December 26th, 1929, Quinn was adjudged bankrupt upon an involuntary petition filed December 9th. On September 21st, 1929, Quinn owed debts matured to that date, including these mortgages, in the sum of $19,067.44. He owned no other property. These facts were not in dispute. To establish that the mortgage of the Taylor Lumber Company was a voidable preference under § 60 of the Bankruptcy Act the burden was upon the trustee in bankruptcy to prove that it was given within four months of bankruptcy, that Quinn was then insolvent, that the effect of the mortgage would be to enable the Taylor Lumber Company to obtain a greater percentage of its debt than other creditors of the same class, and that it had reasonable cause to believe that

such would be its effect. *Eaton* v. *Standard Oil Co.,* 100 Conn. 443, 124 Atl. 21; *Davis* v. *Greenstein,* 112 Conn. 530, 153 Atl. 161.

The court found that Quinn was solvent on the date when he gave the mortgage to the Taylor Lumber Company, and that the latter did not then have reasonable cause to believe that the giving of the mortgage would effect a preference in its favor. If either of these conclusions finds support in the subordinate facts the judgment of the court cannot successfully be attacked. Quinn was not insolvent, within the meaning of that term in the Bankruptcy Act, if, at the time this mortgage was executed, the aggregate of his property was sufficient in amount, at a fair valuation, to pay his debts. *Trenton Trust Co.* v. *Carlisle Tire Corporation,* 110 Conn. 125, 147 Atl. 366. It was agreed that the total amount of his indebtedness at that date was $19,067.44. The court found that the premises mortgaged were then of the fair value of $22,000. If that finding stands it is conclusive upon the question of the solvency of Quinn and decisive of the case. It is attacked by the appellant as a fact found without evidence. A number of real-estate experts testified as to the value of the property, and as to appraisals that they had made on various dates between May 2d, 1929, and January 30th, 1930, at values ranging from $16,300 to $23,000. The Farmington Savings Bank was willing to loan $11,500 on the property, and during August, 1929, had mailed its check for that amount to its attorney for the purpose of effecting such loan. The price received for the property at forced sale upon the foreclosure on November 30th, 1929, was $15,300. The appellant seeks to have added to the finding a number of paragraphs of the draft-finding setting forth evidential facts having a bearing upon the value of the property.

Assuming that such corrections of the finding could justifiably be made, the court had before it conflicting evidence as to the fair value of the property on September 21st, 1929, including evidence that it was in excess of the amount of Quinn's indebtedness, and we cannot say that its finding that such value was $22,000 was without support in the evidence, though the property brought a much smaller amount at forced sale shortly thereafter. The court's conclusion that Quinn was solvent on September 21st, 1929, is supported by the facts found, as is also its further conclusion that the Taylor Lumber Company did not have reasonable cause to believe that it was receiving a preference. Such of the requested changes in the finding affecting the latter conclusion as might properly be made would still leave it amply supported by the subordinate facts.

There is no error.

In this opinion the other judges concurred.