F. Clyde Keefe, Trustee *vs.* Pepperell Trust Company.

York.     Opinion July 20, 1933.

*John P. Deering*, for plaintiff.
*Willard and Willard*, for defendant.

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Thaxter, JJ.

Dunn, J.   This case was reserved for final decision on a report of the evidence.

The action is by the trustee in bankruptcy of Ira C. Kates, for the benefit of the bankrupt estate, under subdivisions (a) and (b) of section 60 of the Bankruptcy Law of 1898, (30 U. S. Statutes at Large, 562), as most recently amended by the Act of June 25, 1910, (36 U. S. Statutes, 842), and appearing in 11 USCA, sec. 96. The suit is to recover preferential transfers. Whether there were such is the issue.

The plaintiff has the burden of proof. He must establish, among other things, five separate factual propositions. First, the debtor must then have been insolvent, not in the sense of an inability to defray his bills in the ordinary course of business, but of the insufficiency of his property, at a fair valuation, to pay his debts. Second, there must have been a transfer of his property. Third, the transfer must have been within four months prior to his bankruptcy proceedings. Fourth, the effect of the transfer must have been to enable the creditor to obtain a greater percentage of his debt than any other creditor of the same class; and consequent inequality. Fifth, the preferred creditor must then have known this, or had reasonable cause to believe it. These elements must combine to render a preference voidable. A failure to prove any will preclude a recovery. *Kimball* v. *Dresser*, (1904) 98 Me., 519, 57 A., 787.

Ira C. Kates was a merchant. He kept a store in Biddeford, Maine, and another at Dover, New Hampshire. Biddeford was the location of the defendant banking corporation.

February 6, 1932, fifteen hundred dollars being due and unpaid on Mr. Kates' promissory note to the defendant, it applied thereon his account as a general depositor, the amount being $61.37. This is the first item on which plaintiff relies. The proof shows no feature of a preference. *Bank* v. *Massey*, 192 U. S., 138, 48 Law ed., 380.

After applying the deposit, the payee (now defendant) sued the note. An attachment was made of the stock in trade, and furniture and fixtures, in the Biddeford store. The debtor so requesting, the store remained open, under a keeper, that business might continue. The proceeds of sales were retained, in lieu of merchandise sold.

On March 9, 1932, Mr. Kates made what a witness characterizes as a common-law assignment. Neither the transferring instrument, nor any statement of its provisions, is in the record. There is testimony that the assignment was inclusive of "both stores", but whether these comprised all the property of the assignor, and such property should be applied to some, or to all, of his debts, is not clear. Counsel for the defendant argue, with apparent evidential support, as a permissible deduction, that the assignment did not, and never was intended to embrace all the property of the debtor, not exempted by law. They instance that, inferentially, the debtor's

real estate was not included. What the fact may be is not now of importance.

The assignment having been made, the attachment was discharged. The sheriff accounted to the assignee for the sale of goods, the latter receiving $506.90. This the assignee turned over to the attorney for the bank, who deducted the amount of his expenses and fees ; the bank credited the net sum on the note. Next, the bank advanced money to pay the interest on a mortgage which Mr. Kates had given to a savings bank.

April 23, 1932, the assignee sold the stock and fixtures in the Biddeford store for $600.00. Of the purchase price, there was a cash payment of $100.00, which traces to the defendant; the balance was by the purchaser's note on thirty days, to the defendant's order. The note was honored.

Specification limits the plaintiff (whose appointment as trustee in bankruptcy antedates to the filing of the petition on May 7, 1932), to the foregoing transactions. *Carey* v. *Penney*, 127 Me., 304, 143 A., 100.

The plaintiff offers no evidence that, at the time of any transaction, the aggregate of Mr. Kates' assets, taken at a fair valuation, was less than the aggregate of his liabilities. Nothing was said or done by Kates, so far as the record shows, to indicate to the defendant, or its attorney, that he (Kates) was insolvent. Neither, for anything in evidence, knew, or had reasonable cause to believe, that Kates was insolvent, and that a preference would be effected within the meaning of the Federal statute relating to bankruptcy. On the contrary, there is room for inference that Mr. Kates, though in pecuniary difficulty, was not then insolvent; that he conceived the plan of paying his debts from the Biddeford property, and saving the Dover store for himself. That purpose was not accomplished.

The case of the plaintiff not being established, judgment goes, on the authority of the report, for the defendant.

*Judgment for defendant.*