## Kolb et al. v. Ideal Specialty Manufacturing Company

*Edward F. Kane* and *Ralph B. Umsted,* for plaintiffs.

*Larzelere & Wright,* for defendant.

DANNEHOWER, J., July 31, 1934.—Defendant seeks to open a judgment in foreign attachment obtained by default for want of an appearance.

On November 28, 1931, plaintiffs instituted a proceeding in foreign attachment against the defendant, a foreign corporation.

On December 3, 1931, the sheriff attached certain personal property at the defendant's plant at Royersford, Montgomery County, Pa., and summoned Ideal Specialty Manufacturing Company as garnishee. No appearance was entered for Ideal Specialty Manufacturing Company as defendant or garnishee.

On December 15, 1931, the defendant corporation filed a voluntary petition in bankruptcy in the District Court of the United States for the Eastern District of Pennsylvania, and on the same day was duly adjudicated a bankrupt. In its schedules, the plaintiffs were listed as creditors. In due course, the bankrupt offered a composition under section 12 of the Bankruptcy Act (11 U. S. C. §30), which was subsequently confirmed by the district court. Plaintiffs did not file a proof of claim in said cause nor share in any distribution.

Subsequent to the confirmation, to wit, on December 20, 1932, plaintiffs filed their affidavit of cause of action and statement of claim, and on April 3, 1933, entered judgment for want of an appearance, issued execution upon the defendant's personal property, and arranged for a sheriff's sale.

On May 15, 1933, defendant filed a petition to open and vacate the judgment, and on October 11, 1933, filed an amended petition. A rule was granted to show cause why said judgment should not be opened and vacated, and thereupon, on October 24, 1933, plaintiffs filed an answer; and thereafter, on December 20, 1933, depositions were taken in support of the petition and amended petition.

Every allegation of fact contained in the petition and amended petition to

open and vacate the judgment was admitted by the answer, except the allegation that the defendant was insolvent at the time of the institution of said foreign attachment and continued insolvent up to and including the time of the adjudication in bankruptcy.

The depositions reveal that on November 2, 1931, the defendant corporation sent letters to its creditors who held claims in the amount of $50 or more, reciting its financial difficulties and requesting them to accept 5-year 6 percent bonds of the defendant corporation, secured by a first mortgage, so that the defendant would not be compelled to liquidate. Attached to said letter was defendant's financial statement dated September 30, 1931, listing total assets of approximately $148,000 and total liabilities of $93,000.

Horace M. Barba, secretary and treasurer of the defendant corporation, testified that he was familiar with his company's financial condition, which remained unchanged from September 30, 1931 (the date of the financial statement), to December 15, 1931, the date of the adjudication in bankruptcy, which included December 3, 1931, the date upon which the sheriff attached the defendant's personal property.

He stated the valuation of the corporate assets was made by the president, vice president, secretary and treasurer, with the assistance of the auditors, when the corporation books were first opened, in August of 1927. The values shown on the financial statement represented those same values, less depreciation. He further testified that on November 28, 1931, the corporation's total liabilities were $92,384.23, which included $18,975 in bills due and payable and $73,409.23 on overdue obligations owed W. P. Barba. The total assets were $128,750, which included $500 cash on hand, $3,500 accounts receivable, $750 for land, and the plant, machinery, and equipment were carried on the books at $124,000. He stated the corporation was unable to pay its debts; that its assets were not readily salable; that there was practically no market for an industrial plant, and that a possible sale of the plant, machinery and equipment would not bring more than $15,000, and all personal property about $6,000, or a total of $21,000.

Plaintiffs contend that, at the time of the issuance of the foreign attachment, the defendant corporation was perfectly solvent, on the basis of the financial statement of September 1931, and that no concern which shows a financial statement with assets exceeding liabilities is insolvent.

Section 67f, 11 USC §107 of the Federal Bankruptcy Act provides, inter alia: "That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same".

Under this section, two things are required in order to render a lien void: First, the lien must have been entered within 4 months prior to the filing of the petition in bankruptcy. In the present case, the lien attached within this 4-months period. Second: The lien or judgment must have been entered against a person who was insolvent at the date of its entry. As was said by Mr. Collier in his work on Bankruptcy (3d ed.), 434: "Not all liens obtained against one, afterwards and within 4 months adjudged bankrupt, are deemed null and void. It must appear that the person whose property is subject to the lien was insolvent at the time of the creation of the lien. It is evident a lien might be obtained against one who was adjudged bankrupt within 4 months thereafter, but who was not insolvent at the time the lien was obtained. The

act of bankruptcy and the insolvency might have occurred at some period subsequent to the creation of the lien. If so, the adjudication of bankruptcy would in no way determine whether or not the party was insolvent at the time the lien was created."

The correctness of this view of the effect of clause $f$ is unquestioned.

"Whether the bankrupt estate is administered by a trustee or there is a composition by the bankrupt with his creditors, the effect of a discharge in bankruptcy is the same, if the composition is confirmed by the court": Greenberger et al. v. Schwartz et al., 261 Pa. 265, 268.

"The lien of a judgment entered within four months prior to the filing of a petition in bankruptcy against the judgment defendant who is subsequently adjudged a bankrupt is not invalidated under the provisions of clause 'f', Section 67 of the National Bankruptcy Act of 1898, which declares null and void all levies, judgments, attachments, or other liens, obtained against an insolvent within four months prior to the filing of a petition in bankruptcy against him in case he is adjudged a bankrupt, unless it appear that the defendant was insolvent at the time when the judgment was entered, and the burden of proving such insolvency rests upon the party alleging it": Keystone Brewing Co. v. Schermer, 241 Pa. 361; Jenkins, Trustee, v. North Pole Ice Co., 83 Pa. Superior Ct. 360.

Therefore, the sole question for decision is whether or not the defendant corporation was insolvent, within the meaning of the Federal Bankruptcy Act, on December 3, 1931, when the attachment was made.

Insolvency, within the meaning of the Bankruptcy Act, sec. 1, cl. 15, 11 USC §1, is defined as follows: "A person shall be deemed insolvent within the provisions of this title whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, with intent to defraud, hinder, or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts".

Insolvency turns on what is a fair valuation of the property. Fair valuation, in the Bankruptcy Act, means the fair cash or market value between a willing buyer and a willing seller: The Trenton Trust Co. v. Carlisle Tire Corp., 110 Conn. 125, 147 Atl. 366.

It does not mean the amount which the debtor might realize from a forced sale of his property, but is that value which he himself might have realized thereon if permitted to continue in business. In re Hines, 144 Fed. 142, 143, the court said, concerning "fair valuation": "As it respects property considered in a commercial sense, I can conceive of no better or surer standard by which to arrive at a fair valuation than the market value; that is, what the property will probably bring, or is worth in the general market, where everybody buys".

Therefore, it seems to us that the defendant, who has the burden of proving its insolvency at the time the lien attached, which was 12 days before it was adjudicated bankrupt, has met that burden and has shown sufficient evidence, under all the circumstances, to warrant the court in opening the judgment. The question of solvency of the defendant can be conclusively determined only by a trial on the merits before a jury.

And now, July 31, 1934, the rule to show cause why the judgment should not be opened and the defendant let into a defense is hereby made absolute, and counsel are directed to prepare and submit for our approval an issue to be tried by a jury.  From Aaron S. Swartz, Jr., Norristown, Pa.