E. FRANCIS RICCIO, TRUSTEE IN BANKRUPTCY (ESTATE OF JAMARC SEWING MACHINE COMPANY, INC.) *v.* GENERAL MOTORS ACCEPTANCE CORPORATION

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 2-618-6490

Argued January 18—decided April 5, 1963

*J. Roger Shull,* of Bridgeport, for the appellant (plaintiff).

*Anthony I. Wells,* of New Haven, for the appellee (defendant).

JACOBS, J. The plaintiff, as trustee of the bankrupt estate of Jamarc Sewing Machine Company, Inc., hereinafter referred to as Jamarc, which had on February 7, 1961, filed a petition in bankruptcy and was adjudicated a bankrupt, brings this action under § 60 of the Bankruptcy Act (30 Stat. 562, as amended, 11 U.S.C. § 96) to recover because of an alleged preferential transfer suffered or made by the bankrupt on February 3, 1961, within four months before the filing of the petition and when the bankrupt was insolvent, the effect of which was to enable the defendant to obtain a greater percentage of its debt than other creditors of the same class. It is further alleged that at the date of the transfer the defendant had reasonable cause to believe that the enforcement of the transfer would work a preference within the meaning of the act. In paragraph 5 of the complaint, the plaintiff alleged that "on [February 3, 1961] Jamarc . . . was insolvent and was indebted to defendant and divers other creditors of the same class upon unsecured indebtedness provable in bankruptcy." The answer was in effect a general denial.

The controlling facts, briefly stated, are as follows: On April 21, 1960, Jamarc entered into a retail instalment contract with Michael J. Cozy, Inc., the defendant's assignor, for the purchase of a new 1960 Oldsmobile automobile for a total time price of $4104.08, which, after certain deductions which were agreed upon by the parties, left a time

balance of $2418.24, payable in twenty-four instalments, of $100.76 each, commencing on May 21, 1960, and to be made on the same day of each successive month thereafter. For the purpose of securing payment of the obligation, the seller reserved the title and retained a security interest in the automobile until the amount due under the contract was fully paid in cash. The seller assigned the contract to the defendant. Jamarc made its monthly payments to the defendant as provided for in the contract through December 21, 1960. It defaulted in the payment due on January 21, 1961, and continued to be in default. On February 3, 1961, the defendant exercised its rights under the contract and repossessed the automobile. There was an unpaid balance due on that date of $1595.24. The vehicle was thereafter sold. On February 7, 1961, Jamarc was adjudicated a bankrupt. The plaintiff is the duly qualified trustee of the bankrupt estate.

The trial court found in paragraphs 10, 11 and 12, as subordinate facts and not as conclusions drawn from subordinate facts, that (1) the defendant's assignor "was not an unsecured creditor," (2) the defendant "was not in the same class with other unsecured creditors," and (3) the defendant "did not obtain a greater percentage of [its] debt than other creditors of the same class." In rendering judgment for the defendant, the court concluded that (1) the repossession of the automobile did not constitute a voidable preference within the meaning of the Bankruptcy Act, and (2) the plaintiff failed to sustain his burden of proof. The assignments of error attack paragraphs 10, 11 and 12 of the finding and the conclusions reached by the trial court.

"Briefly stated, the elements of a preference under § 60a consist of the following: a debtor (1) making or suffering a transfer of his property,

(2) to or for the benefit of a creditor, (3) for or on account of an antecedent debt [resulting in a depletion of the estate], (4) while insolvent, and (5) within four months of bankruptcy . . . , (6) the effect of which will enable the creditor to obtain a greater percentage of his debt than some other creditor of the same class. The creditor's knowledge or reasonable cause to believe that a preference is effected by a transfer to him is no longer an element in determining whether such transfer constitutes a preference under subdivision *a* of § 60. However, under subdivision *b* a preference is voidable by the trustee in bankruptcy only upon proof of the additional element that (7) the creditor receiving or to be benefited by the preference had reasonable cause to believe that the debtor was insolvent. If any one of the elements of a preference as enumerated in § 60a is wanting, there is no necessity of considering an avoidance of the transfer under § 60b, since a preference under the terms of § 60 itself has not been established." 3 Collier, Bankruptcy (14th Ed.) ¶ 60.02, p. 758; see *Eaton* v. *Standard Oil Co.,* 100 Conn. 443, 445; *Davis* v. *Greenstein,* 112 Conn. 530, 533; *First Bond & Mortgage Co.* v. *Quinn,* 112 Conn. 643, 644. "A proceeding to set aside a voidable preference will be governed by the rules of pleading and practice of the forum wherein it is instituted." 3 Collier, op. cit. ¶ 60.61, p. 1114. "Just as the trustee in his suit to recover property preferentially transferred must include allegations, in his statement of claim, of all the elements of the alleged voidable preference, so also must the trustee introduce evidence at the trial to sustain all such averments that have not been admitted. The law places upon the trustee (or receiver) the unmistakable burden of proving by a fair preponderance of all the evidence every essential, controverted element resulting in the composite voidable prefer-

ence." Id. ¶ 60.62, p. 1123; id. ¶ 60.35; 4 Remington, Bankruptcy (Henderson Ed. 1957) § 1716.2; 8A C.J.S., Bankruptcy, § 372.

"In order to prove that a preference be effected under § 60 of the Act, a transfer of property must be made or suffered by the debtor 'while insolvent.'" 3 Collier, op. cit. ¶ 60.30, p. 889. "As in the other elements of a preference, the burden of proof is on the trustee to show insolvency at the time of the transfer." Id. ¶ 60.30, p. 893. The transfer may be voluntary or involuntary. The term "suffered," as used in the act, does not require any conscious participation by the debtor. See *Warner* v. *Dworsky,* 194 F.2d 277, 280 (8th Cir.). The insolvency must be in the bankruptcy sense, as defined by § 1(19) of the Bankruptcy Act (30 Stat. 544, § 1[15], as amended, 11 U.S.C. § 1[19]), which reads as follows: "A person shall be deemed insolvent within the provisions of this title whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed, removed, or permitted to be concealed or removed, with intent to defraud, hinder, or delay his creditors, shall not at a fair valuation be sufficient in amount to pay his debts." See *Levy* v. *Carter Rice & Co.,* 136 Conn. 216, 219. This has been called "a balance sheet definition" and requires a weighing of assets and liabilities. *Engelkes* v. *Farmers Co-operative Co.,* 194 F. Sup. 319, 327 (S.D. Iowa). It is a mathematical test, static in character. *Langham, Langston & Burnett* v. *Blanchard,* 246 F.2d 529, 532 (5th Cir.). "Under the Bankruptcy Act inability to meet current obligations is not insolvency, however. The test, rather, is the relation of the debtor's total assets to its liabilities." *Cusick* v. *Second National Bank,* 115 F.2d 150, 155 (D.C. Cir.). "In most circumstances the question of insolvency will be one of fact and

not of law, to be resolved by the trier in consonance with the generally applicable rules." 1 Collier, op. cit. ¶ 1.19[5], p. 128; see 4 Remington, op. cit. § 1686; *Kaufman* v. *Tredway,* 195 U.S. 271. "[A]n adjudication in bankruptcy, standing alone, creates no presumption and warrants no inference that the debtor was insolvent for any period before the petition in bankruptcy was filed, regardless whether the same was voluntary or involuntary . . . ." 1 Collier, op. cit. ¶ 1(19) [5], p. 124; 4 Remington, op. cit. § 1688; see *Gratiot County State Bank* v. *Johnson,* 249 U.S. 246, 248.

Applying the foregoing principles to the controverted issue of insolvency at the time of the transfer in the present case, we point out that it was incumbent on the trustee to introduce into evidence a statement of the assets and liabilities of the bankrupt. See *Kimball* v. *Dresser,* 98 Me. 519. There is nothing in the record before us showing the financial condition of the bankrupt, such as inventories, bankruptcy appraisals, trustee's reports, orders confirming bankruptcy sales, or even the bankrupt's own schedules. See *Lynch* v. *Bronson,* 80 Conn. 566, 568. It was the duty of the trustee not only to plead but to prove, and for the court to make a finding, that on February 3, 1961—the date of the alleged transfer—the bankrupt's debts exceeded the aggregate fair value of its assets. A failure to prove and find this indispensable and essential element must result in a finding that the preference, if any, is not voidable. It becomes unnecessary, in the view which we have taken of this case, to consider other legal propositions argued and briefed by the trustee.

There is no error.

In this opinion PRUYN and KOSICKI, Js., concurred.