ELLYN DUNCAN ET AL. *v.* LAURENCE McTIERNAN

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued March 3—decided March 12, 1964

*William F. Gallagher,* with whom, on the brief, were *Morton E. Cole* and *Cyril Cole,* for the appellants (plaintiffs).

*Robert F. Taylor,* with whom, on the brief, were *J. Ronald Regnier, William R. Moller* and *Edmund T. Curran,* for the appellee (defendant).

HOUSE, J.  The plaintiffs brought this action to recover damages for injuries allegedly caused by the defendant's negligent operation of his automobile.  In the course of the trial, the plaintiffs called as a witness an insurance investigator whom they had subpoenaed together with his files.  The files contained two documents signed by the defendant.  The plaintiffs offered both documents as exhibits, claiming that they contained admissions and state-

ments inconsistent with the testimony previously given by the defendant. After examination of the papers, the court refused to admit them as exhibits. The plaintiffs thereupon requested that both documents be marked as exhibits for identification. The court denied this request. The trial resulted in a verdict for the defendant. The plaintiffs have appealed, assigning as error the court's refusal to admit the documents as full exhibits as well as its refusal to allow them to be marked as exhibits for identification.

It was manifest error for the court to refuse to permit the documents to be marked as exhibits for identification. The court had no discretion to refuse such a request, because to allow such discretion would permit a trial judge to deprive an aggrieved party of a proper record for an appeal. That is the situation in the present instance. The proffered documents, not having been marked for identification, are not a part of the record on this appeal and therefore are not available for examination by this court to determine whether the trial court made a proper ruling in excluding them as full exhibits. *Sickmund* v. *Connecticut Co.*, 122 Conn. 375, 382, 189 A. 876; *Davis* v. *Greenstein*, 112 Conn. 530, 535, 153 A. 161; *Roberti* v. *Barbieri*, 105 Conn. 539, 543, 136 A. 85; see also *Weller* v. *Fish Transport Co.*, 123 Conn. 49, 60, 192 A. 317; *Smirnoff* v. *McNerney*, 112 Conn. 421, 422, 152 A. 399; *Thelin* v. *Downs*, 109 Conn. 662, 668, 145 A. 50. Under the circumstances, this court has no alternative but to order a new trial.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.