JOHN D. TIERNEY *vs.* NUNZIANTE MARTONE ET UX.

Third Judicial District, New Haven, June Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

An officer who has a lawful writ to serve is not bound to declare that fact until his authority is questioned; although in the orderly performance of his duties it may be better to impart that information to all who are directly interested.

It is within the province of the jury to determine the credibility of witnesses.

In an action for assault and battery, a plaintiff's verdict for $300 for severe bruises, a broken nose, two weeks' inability to work, and an outlay of $87 on account of the injuries, is not excessive.

Evidence that while the plaintiff and the defendant husband were struggling together upon the ground, the latter's wife struck the plaintiff several times with a piece of wood, justifies a verdict for a joint assault.

Argued June 12th—decided July 6th, 1917.

ACTION for assault and battery, brought to the District Court of Waterbury and tried to the jury before *Reeves, J.;* verdict and judgment for the plaintiff for $300, and appeal by the defendants. *No error.*

The plaintiff had a writ directing him to attach the property of Rocco Martone, a son of the defendants. The defendants in their answer justify the assault, alleging that when the plaintiff attempted to attach their son's automobile the defendants informed the plaintiff that the son was indebted to his mother, the defendant Philomena, in the sum of $25 for storage of the automobile, and that it could not be moved until the storage was paid, and that thereupon the plaintiff assaulted the defendant Nunziante, and the defendant Philomena went to her husband's assistance, and used no more force than was necessary to protect themselves from the plaintiff's assault. The cause was tried to the

jury, who rendered a verdict for the plaintiff against both defendants and assessed damages at $300.

*Charles W. Bauby,* for the appellants (defendants).

*John J. O'Neill,* for the appellee (plaintiff).

SHUMWAY, J. The defendants complain that the court erred in its charge, in its refusal to charge as requested, and in its refusal to set aside the verdict because it was against the evidence and because the damages found were excessive.

So far as appears from the defendants' brief, the claimed errors in the charge and refusal to charge are not pressed for consideration by this court. But if they are, the court complied substantially with the requests to charge, except one, as follows: "If you find that the plaintiff did not disclose to the defendants that he was an officer and had a writ to serve, then you would be justified in reaching the conclusion that the plaintiff was a trespasser and that the defendants had a right to order him from the premises and use force in ejecting him."

The defendants were not entitled to have the jury so instructed. An officer duly qualified with a lawful precept is not required to declare by what authority he acts until the authority is questioned. It would be better, in the orderly performance of his duties, for an officer to inform all who may be immediately concerned that he is an officer with a legal process to serve, as was done in this case. The defendants' answer alleges that the plaintiff demanded the payment of a bill. It appeared in the evidence that the defendants fully understood the plaintiff was an officer and about to make an attachment. It is also apparent that the affray between the plaintiff and defendants began because of the plaintiff declaring his intention to seize the automobile by attaching it, and the defendants

objecting because Mrs. Martone claimed a lien on it for storage. Nunziante Martone testified that the plaintiff made an unprovoked assault on him at the time when he claimed his wife had a lien on the automobile, while the plaintiff testified that Nunziante assaulted him as he started to move it, and attempted to obstruct him in the service of the writ.

The defendants' main contention in the brief is that the trial court should have granted a new trial because the verdict was against the evidence and because the damages were excessive.

The verdict was not against the evidence. The evidence was so conflicting that the credibility of the witnesses became all important, and surely it was within the province of the jury to determine, if possible, where the truth lay.

It cannot be said that $300 was an excessive verdict, as the plaintiff testified he received severe bruises, a broken nose, and was incapacitated to follow his usual vocation for two weeks, and incurred a property loss and expenditure of $87 on account of his injuries.

It is suggested that the court erred in accepting a joint verdict against the defendants; the contention being that if the defendant Philomena assaulted the plaintiff, it was a separate assault and not the one in which her husband was concerned. Evidence was offered tending to prove that while the plaintiff and defendant Nunziante were struggling upon the ground, the defendant Philomena struck the plaintiff several times with a piece of stove wood. The jury were properly instructed that if they found the facts in accord with this evidence, the defendants had committed a joint assault and were jointly liable.

There is no error.

In this opinion the other judges concurred.