ALEX SAUCZCUK *vs.* FRANCZISZEK FRANKOSKI.

Third Judicial District, Bridgeport, April Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and HAINES, Js.

The certification of all the evidence on an appeal in a cause tried to the court is improper where no correction of the finding is requested in the assignment of errors.

In the present case it appeared from the finding that a fire which started on the defendant's land and spread to the plaintiff's premises was not set or caused to be set by the defendant, and that the defendant made reasonable and diligent effort to extinguish it. *Held* that under these circumstances no cause of action existed either at common law or under § 6139 of the General Statutes.

Argued April 9th—decided June 2d, 1924.

ACTION to recover damages for the defendant's negligence in allowing a fire which he did not set or cause[1] to be set, to spread to adjoining premises and destroy cord wood and poles thereon belonging to the plaintiff, brought to and tried by the District Court of Waterbury, *Makepeace, Deputy Judge;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*John F. McDonough,* for the appellant (plaintiff).

*James P. Sweeney,* for the appellee (defendant).

PER CURIAM.  The assignment of errors does not ask for the correction of the finding, hence the certification of all the evidence was improper.  The complaint sets up a cause of action under General Statutes, § 6139, which provides that "every person who shall set fire on any land, that shall run upon the land of any other person, shall pay to the owner all damages done by such fire"; and plaintiff claims that the complaint further sets up a cause of action at common law based upon the negligence of defendant in having set a fire on his premises and negligently allowed it to spread and destroy plaintiff's wood and poles.

It appears from the finding that the defendant did not set or cause to be set a fire on his land, and upon discovery of a fire on May 15th made reasonable and diligent effort to extinguish it and apparently did extinguish it; and upon a fire breaking out on May 16th which was not set or caused to be set by the defendant, he made reasonable and diligent effort to extinguish it, but it consumed plaintiff's wood and poles.  This finding conclusively establishes that defendant did not set the fire, hence he is not liable under General Statutes, § 6139, and likewise it refutes the claim of liability for common law negligence.  The other assignments of error are claims of fact which have been settled by the finding, or else are claims disposed of by the finding as made.

There is no error.