COMMERCIAL INVESTMENT TRUST, INCORPORATED, *vs.*
ALPHONSE CARRANO

Third Judicial District, New Haven, January Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

There is no presumption that the payee of a promissory note is the agent of the indorsee to accept payment from the maker.

The maker may constitute the payee his agent to make tender of

payment to the indorsee, but the payee does not thereby become the agent of the indorsee to accept payment.

A motion to set aside a verdict must be considered in the light of the evidence admitted and not in the light of such evidence as was in fact admissible.

A promissory note and contract of conditional sale which contain provisions as to the amount due and the manner of its payment are not subject to variation by parole evidence as to other unauthorized arrangements made by the vendor's agent and the vendee.

It is error to permit a witness to testify as to matters in which he is claimed to have acted as the agent of another unless evidence as to the fact of agency has been produced or its production promised.

Evidence of agency in other transactions is inadmissible to prove agency in a particular transaction unless definite proof of such other transactions is offered sufficient to show a regular course of business from which an inference of agency in a similar transaction may reasonably be drawn.

Agency cannot be proved by declarations of the claimed agent as to the fact of the relation.

Where the issue is whether the person to whom a debtor made payments was in fact the agent of the creditor to receive them, a charge to the jury that the debtor would be relieved of liability if he was justified in believing that he was dealing with an authorized agent, is erroneous, as is also an instruction that the jury should consider whether it is reasonable to suppose that the claimed agent would have asserted his agency if he had no authority to act in that capacity.

Argued January 20th—decided April 8th, 1926.

ACTION by an indorsee of a promissory note against the maker, brought to the Court of Common Pleas for Fairfield County and tried to the jury before *Walsh, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

The record discloses that the following facts were undisputed on the trial:

E. C. Lawton, an automobile dealer of Stamford, sold on April 12th, 1924, an automobile to Alphonse Carrano, of South Norwalk. At the time of the sale Carrano executed and delivered to Lawton a condi-

tional sale contract of this car and a note in these terms:

"$752.10                Stamford, Conn.  April 12, 1924.

AFTER DATE, I, WE OR EITHER OF US PROMISE TO PAY TO ——— E. C. Lawton ——— OR ORDER, IN 10 EQUAL MONTHLY INSTALLMENTS OF $75.21 EACH, THE FIRST PAYABLE ONE MONTH AFTER DATE, ——— 752.10 ——— DOLLARS with interest from maturity at the highest lawful rate.

And if allowed by law, 15 per cent. of the principal and interest of this note as attorney's fees, if placed in the hands of an attorney for collection, and authority, irrevocably to any attorney-at-law to appear for me in any court, and waive the issues and service of process and confess a judgment against me in favor of the holder hereof, for such amount as may appear to be paid hereon after maturity together with costs and attorney's fees, and to release all errors and waive all right of appeal.  Value received without relief under any exemption or insolvency law.  Upon nonpayment of any installment at its maturity all remaining installments shall become immediately due and payable.

NEGOTIABLE AND PAYABLE AT THE OFFICE OF COMMERCIAL INVESTMENT TRUST, INCORPORATED, 41 EAST FORTY-SECOND STREET, NEW YORK CITY, WITH EXCHANGE ON NEW YORK."

This note was indorsed to plaintiff by Lawton with the following guaranty indorsed thereon: "For value received, the undersigned hereby unconditionally guarantees payment of the within note, in all its terms, and waives presentment and demand for payment, protest and notice of protest for nonpayment, and consents that extensions of time of payment may be granted the maker without notice to and without releasing the liability of the undersigned hereunder.  E. C. Lawton."

The conditional sale contract recited, among other items, that $752.10 was due on the purchase price, payable in monthly instalments from date, of $75.21 each, and provided as follows: "It is agreed that the title to, ownership in, and right of possession of said chattel are vested in you and your assigns until said indebtedness . . . shall have been fully paid." This contract Lawton also assigned to the plaintiff. The plaintiff paid Lawton $648.44 upon the note and contract.

At the time of the sale the defendant paid nothing in cash to Lawton, but thereafter he made the following payments to Lawton, to wit: On April 15th, 1924, by check $300—on April 19th, 1924, by check $100— on May 17th, 1924, by check $45—on June 17th, 1924, by check $45—on July 17th, 1924, by check $45—on July 29th, 1924, by note in the sum of $600, payable to E. C. Lawton and indorsed by Williams Brothers and Charles Williams.

On July 29th, 1924, the defendant received from E. C. Lawton acting by Henry Rubin, his sales agent, a receipt in full payment for the automobile in question. Both before and after the agreement of purchase and sale was entered into and the note and the conditional sale contract executed, the defendant was assured by Lawton that if the defendant would pay $40 or $45 per month on account of the note, this would be satisfactory to the plaintiff, which corporation Lawton then said he represented, and any additional payment required to make up the sum of $75.21 per month would be paid by Lawton. Payments were not at any time made to the plaintiff by the defendant according to the terms of the contract and note. Lawton at no time paid the plaintiff the sums he received from Carrano, and has absconded.

Carrano alleged in his answer a defense of payment as follows: "4. The defendant executed a certain

written instrument in favor of one E. C. Lawton of the City of Stamford in connection with the purchase by him from said Lawton of a sedan automobile and all payments made on account of said automobile were made by the defendant to the said Lawton, who was the agent of the plaintiff directly or through his agent, one H. I. Rubin, and the final payment was made on said automobile on the 29th day of July, 1924, at which time the said Lawton through his said agent H. I. Rubin gave to the defendant a receipt in full payment for said automobile." This answer was denied.

*Bernard P. Saltman* and *Arthur B. Weiss,* for the appellant (plaintiff).

*William F. Tammany,* for the appellee (defendant).

CURTIS, J. The controversy upon the trial turned upon the question whether the defendant, Carrano, had proved that Lawton was the agent of the plaintiff in receiving payments upon the car from Carrano. Carrano was the maker of the note in suit and Lawton the payee, who indorsed the note to the plaintiff on the day it was executed. The court charged that "the maker of a promissory note is charged with knowledge that the note is negotiable and may be transferred and indorsed by the person or firm to whom it is payable to some third person or indorsee, . . . and . . . if he made payments to the original payee . . . he did so upon his peril." To this no exception was taken.

Under the law thus stated, the maker of a note cannot indulge in the assumption that the payee of a note is an agent of an indorsee of the note to accept payment. If the maker pays the note to the payee and it develops that before such payment the payee had in-

dorsed the note to a third party, the maker, in order to have such payments credited to him upon the note, must prove that the payee was the agent of the indorsee to receive payment. No presumption of a payee's authority to accept payment will assist the maker in establishing such agency. The maker may arrange with the payee to tender the maker's money to the holder as a payment on the note. Such an arrangement, by the maker with the payee, would not make the payee an agent of the holder to collect payments, but merely agent of the maker to make tender.

In support of his claim that Lawton was the agent of the plaintiff in his receipt of the payments on the car, Carrano testified that Lawton was present when he bought the car and executed the papers, and that Lawton stated to Carrano that he was the agent and authorized representative of the plaintiff, and also stated to him that if he would pay $40 or $45 per month on account of the note, this would be satisfactory to the plaintiff corporation, which he was then representing, and any additional payment required to make up said sum of $75.21 per month would be paid by Lawton.

The defendant further offered the evidence of Rubin, Lawton's sales agent, which he claimed tended to prove that Lawton collected and received money from other purchasers of automobiles in regard to which there were similar transactions, and that Lawton as a matter of custom collected moneys as the agent of the plaintiff from parties to whom he had sold automobiles under notes and conditional sale contracts of the same kind and character as those signed by the defendant; and Carrano testified that he was never notified by the plaintiff that payment should be made on the note to the plaintiff and not to Lawton, the payee.

The plaintiff offered evidence tending to prove that

Lawton was not authorized by it to collect instalments from the defendant on this note, and that in the usual course of the plaintiff's transactions with automobile dealers like the one involved in this case, the dealers were not authorized by the plaintiff to collect payments on notes sold by the dealers to the plaintiff, and that the defendant had notice that the note involved in this action was to be paid at the office of the plaintiff by reason of the fact that this was stated on the face of the note; and that the plaintiff had sent to the defendant its customary notice that the note had been sold to it and that payments were to be made to the plaintiff; and that the plaintiff sent two telegrams to the defendant on May 22d and June 19th, 1924, which telegrams were to the effect that the defendant would lose the car unless he paid such instalment or instalments as were due. Carrano testified that he had received at least one telegram from the plaintiff, but that he did not understand it and did not seek an explanation of what it meant.

The appeal in this case involves (1) a claim of error in not granting the plaintiff's motion for a new trial because the verdict was against the evidence; (2) various claims of error in the admission of evidence, and in the refusal to charge as requested, and in the charge as made.

The alleged error in denying the motion for a new trial because the verdict was against the evidence, must be considered in view of the evidence admitted, and not in view of such evidence as was in fact admissible. Viewing the evidence from that standpoint, there was no error in denying the motion.

Upon the trial the plaintiff produced in chief as a witness, Henry Rubin, who testified that as sales manager for E. C. Lawton he sold the car in question to Carrano, and that the signature on the note in suit

was that of Carrano, and that the signature on the back of the note was that of E. C. Lawton.

The defendant, on cross-examination, then asked Rubin: "Q. At that time what arrangement did you make with Carrano about payments for the automobile?" The plaintiff objected to the question because not cross-examination and not material. The court overruled the objection. At the time of this objection the note and conditional sale contract were in evidence. The conditional sale contract contained a provision as to the amount due and its payment. The note and contract in the hands of the plaintiff were not subject to change by any unauthorized arrangements by Rubin and Carrano; hence the matter was immaterial, also the question was clearly not cross-examination. There was error in this ruling. The witness Rubin, against the objection of the plaintiff, was allowed to testify to other matters, on the assumption that he was the agent of the plaintiff. This was also error. Such an assumption, without any evidence or promise to produce evidence of the fact, was improper. No question of discretion arises here as to the order of the reception of evidence.

On cross-examination by the defendant, Rubin was further asked, in substance, whether Lawton had other sale agreements on automobiles and was collecting money and forwarding it to the finance corporation at that time? Over an objection of the plaintiff, the question was admitted, as showing the usual custom, in order to prove agency on the part of Lawton for the plaintiff in this transaction. Disregarding the obvious fact that this was not cross-examination or properly admissible upon the assumption above mentioned, was such evidence proper evidence under the situation to prove that Lawton was an agent of the plaintiff?

Evidence of agency in a given case may sometimes

be supplied by proof of agency on other occasions. Mechem on Agency, Vol. 1 (2d Ed.) § 262. See also Wigmore on Evidence, Vol. 1 (2d Ed.) § 377. Evidence of such a nature should not be admitted unless a foundation is laid by definite proof of other transactions sufficient to show a regular course of business from which an inference of agency in a like transaction might reasonably be inferred. The testimony of Rubin in this case as to the conduct of Lawton in like transactions lacks the definiteness required. There was error in the ruling.

The defendant testified on the trial and was asked, in substance, if Lawton told him that he (Lawton) was the agent of the plaintiff. An objection to this method of proving Lawton's agency was overruled. This was error. Agency cannot be proved by statements of a claimed agent, that he is such an agent. Mechem on Agency, Vol. 1 (2d Ed.) § 285.

There are six claims of error as to the charge as given, numbered seven to twelve, inclusive.

In claimed error numbered seven, the court charged, in substance, that when Carrano made a payment to Lawton, on July 29th, which paid the note in full, without securing the note, he was in fact relieved of further liability, if, under the facts found, he was justified in believing in good faith that he was dealing with an authorized agent. The vital question was whether he made the payment to an agent of the plaintiff, not whether he was justified in believing he was dealing with an authorized agent; there was no claim that the plaintiff was estopped from claiming that Lawton was not its agent in regard to payments.

In the eighth claimed error, the court charged, in substance, that in judging whether Lawton was the agent of the plaintiff and why Lawton made such an assertion (that he was agent), the jury should con-

sider: "is it reasonable to suppose that he did so without having authority to do so?" The question to be decided was whether Lawton in fact had authority as agent of the plaintiff, not what it was reasonable for Carrano to suppose as to Lawton's authority from Lawton's statement. This was a question to be determined by the evidence of the conduct of the plaintiff, not by the conduct of Lawton. There was error in the eighth assignment.

As to the assignments of error relating to the portions of the charge quoted in the ninth, tenth, eleventh, and twelfth assignments of error: in view of the changes that will take place in the evidence admitted on a new trial, no useful purpose would result from a discussion of such claimed errors. The same considerations lead us to forbear to discuss the claimed errors in refusing to charge as requested.

There is error and a new trial is ordered.

In this opinion the other judges concurred.