## Louis Baniulis *vs.* Anefry Sundik et al.

Third Judicial District, Bridgeport, October Term, 1930.
Maltbie, Haines, Hinman, Banks and Avery, Js.

Argued October 30th—decided December 12th, 1930.

*John J. O'Connell* and *William H. Kingston,* for the appellant (plaintiff).

*William F. Healey,* with whom, on the brief, was *Patrick B. O'Sullivan,* for the appellees (defendants).

Avery, J. The defendants, in their answer, admitted the assault and claimed justification. The plaintiff is a single man, and for about two years had been a roomer in a house conducted by the defendant Anefry Sundik in Ansonia. At about five o'clock on Sunday morning, October 27th, 1929, the plaintiff, partially dressed and intoxicated, went from his room on the third floor to the second floor, and rapped on the door of the defendants' kitchen two or three times. The defendants, who were asleep in bed, were awakened by the noise of the rapping. The defendant Anna Sundik thereupon arose from bed, turned on the electric light in the bedroom, and proceeded into

the kitchen. As the plaintiff persisted in rapping at the kitchen door, she inquired who it was, but was unable to ascertain because of the mumbling of the plaintiff. She thereupon unlocked the kitchen door, whereupon the plaintiff pushed the door in, entered the kitchen, and threw his arms around her. She unsuccessfully endeavored to push him away, at the same time crying to her husband for help; whereupon her husband, Anefry Sundik, hearing the cries of his wife, got up from bed, and taking two crutches to support himself, walked from the bedroom into the kitchen, where he saw his wife struggling in the arms of the plaintiff, whom he recognized. As Sundik approached the plaintiff, the latter withdrew his arms from around Sundik's wife, whereupon Sundik, for the purpose of protecting his wife and himself, and ejecting the plaintiff from the premises, struck him with his hand, and the plaintiff thereupon withdrew; whereupon the defendant's wife immediately closed the kitchen door. One of the plaintiff's eyes was badly injured and he ultimately lost it.

These facts were found by the court and are supported by evidence. The plaintiff has asked corrections of the finding for the purpose of substituting, in place of the facts found by the court, the plaintiff's version of the occurrence, which was that he went to the door of the defendants' apartment, at five o'clock in the morning, for the purpose of getting a drink and was, without provocation, assaulted. As the evidence abundantly supports the finding, it is not the province of this court to retry the case on disputed evidence. *Crighton* v. *Jacobs,* 100 Conn. 281, 284, 123 Atl. 437. Moreover, we cannot say that the court erred in reaching the conclusion that the defendant was justified in using force for the purpose of protecting his wife, and ejecting the intruder from his home, *State* v.

*Perkins,* 88 Conn. 360, 367, 91 Atl. 265, and that the amount of force used was not excessive or unreasonable under the circumstances.

Complaint is made of several rulings upon evidence. The first one, particularly in view of the question and answer just preceding, was not of sufficient consequence to afford a basis for a new trial. To some of the others no exception was taken. The rest had to do with certain fights in which the plaintiff had been engaged, prior to the occurrences involved in the present action. This evidence was admitted upon the theory that it tended to establish the fact that the plaintiff was a quarrelsome person; and, brought to the defendant's knowledge, was relevant upon the issue of his claim that he used no more force than was reasonably necessary to eject the plaintiff. The correctness of these rulings is to be determined upon the basis of the situation disclosed by the finding. *Trenton Trust Co.* v. *Carlisle Tire Corporation,* 110 Conn. 125, 128, 147 Atl. 366. In so far as the objection was based upon a claimed failure of the evidence to bring knowledge of the fights home to the defendant, it is sufficient to point out that the defendant's attorney promised that the necessary connection would be made and the finding does not disclose a failure to do so. The plaintiff's present claim that evidence as to these fights was not admissible for the purpose claimed, was not made at the trial. The rulings afford no basis for a new trial.

There is no error.

In this opinion the other judges concurred.