CHARLES LAFFIN *v.* NICHOLAS APALUCCI ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 6—decided June 4, 1943.

*Andrew D. Dawson,* for the appellant (plaintiff).

*William B. Hennessy,* with whom, on the brief, was *John F. Tobin,* for the appellees (defendants).

. PER CURIAM. In view of the full statement of facts in the previous opinion in this case (128 Conn. 654, 25 Atl. [2d] 60) a brief summary here will suffice. The plaintiff was a customer on the premises of the defendants Apalucci and Lucien, who ran a bar and restaurant in two adjoining rooms. The defendant Sacco was the bartender. The plaintiff claimed that Sacco committed an unprovoked assault on him in the barroom. The defendants claimed that the plaintiff followed Sacco from the bar into the restaurant, that he there assaulted him and that Sacco then struck the plaintiff in self-defense. The plaintiff claims the charge was incorrect in three particulars.

The first assignment of error relates to the charge concerning a statement made by counsel during the argument to the jury. There is no basis in the finding by which the correctness of this portion of the charge can be tested. Since the charge must be tested by the finding, this assignment is without merit. *Hulk v. Aishberg,* 126 Conn. 360, 362, 11 Atl. (2d) 380.

The error in the former trial was based on the fact that the charge made recovery depend rather on the place where the affray took place than on the cir-

cumstances surrounding it. In this case substantially the same charge on this subject was repeated but it was qualified by the statement: "But, regardless of where the fracas took place, the real question is, was the blow struck by Sacco justifiable, and was it, as the answer states, in self defense. . . ." Earlier in the charge, the trial court stated: "While the place where this all took place has a bearing on the credit you will give the testimony, the really important matter is, however, how it happened, rather than the place where it happened." The determination of the place where the affray occurred was important on the question of credibility of witnesses and a proper subject of comment. The explanatory and qualifying statements quoted removed the objectionable features necessitating a reversal on the former appeal.

Finally, the plaintiff complains because the question whether the plea of self-defense was established was made to depend on the situation as it reasonably appeared to the defendant Sacco at the time rather than on the circumstances actually existing. The rule laid down was correct and, while it might have been more clearly expressed, was adequate for the guidance of the jury. *Morris* v. *Platt*, 32 Conn. 75, 83; *State* v. *Yanz*, 74 Conn. 177, 181, 50 Atl. 37; Restatement, 1 Torts, § 63, comments c, h, i; 6 C.J.S. 810; 4 Am. Jur. 147; and see *State* v. *Engle*, 115 Conn. 638, 648, 162 Atl. 922.

There is no error.