JOHN P. PETRILLO *v.* JOSEPH BESS

BALDWIN, C. J., KING, MURPHY, ALCORN and MACDONALD, Js.

Argued October 6—decided December 28, 1961

*William R. Murphy,* with whom, on the brief, was *William L. F. Felstiner,* for the appellant (defendant).

*Dennis N. Garvey,* with whom was *John W. Colleran,* for the appellee (plaintiff).

MURPHY, J. The plaintiff recovered a verdict against the defendant for property loss sustained in a fire which spread from the defendant's premises to the adjoining property of the plaintiff. The trial court denied the motion to set aside the verdict and render judgment notwithstanding the verdict. The defendant has appealed.

The case was submitted to the jury on the count alleging liability of the defendant for damage resulting from the setting of a fire on his land and its spread to the land of the plaintiff. See General Statutes § 52-559. Counts alleging negligence and nuisance were abandoned. The assignments of error which have been briefed and argued claim error in the court's denial of the motion to set aside the verdict and render judgment notwithstanding the verdict, its refusal to strike testimony which had been admitted subject to being connected, the admission of other testimony by the same witness, and the court's refusal to charge the jury in accordance with a request to charge.

Assuming, without deciding, that the rulings on evidence were not erroneous, we shall take up the refusal to grant the motion to set aside the verdict. The motion is to be considered on the basis of the evidence admitted, and not on such evidence as was admissible. *Commercial Investment Trust, Inc. v. Carrano,* 104 Conn. 302, 308, 132 A. 870. The evidence must be given the most favorable construction in support of the verdict of which it is reasonably capable. *Kerrigan v. Detroit Steel Corporation,* 146 Conn. 658, 660, 154 A.2d 517. In view of these principles, there was evidence from which the jury

could have found the facts which follow. In December, 1957, the plaintiff was the owner of property on the north side of Sackett Point Road in North Haven. On this property he conducted an automobile junk yard and a used-car business. The adjoining property on the east was owned by the defendant, who operated a tire salvage business there. On December 3, Ralph Mazzacane, then an employee of the defendant, was engaged in sorting tires in the northeastern part of the lot. It was a cold day. To keep warm and to thaw the ice in the tires so that it could be picked out, he started a fire in a fifty-gallon metal oil drum in which holes had been punched in the sides and bottom to provide a draft. Tire flaps were used for fuel. The fire was replenished by adding more flaps about every hour. Flames and smoke rose from the drum. The prevailing wind was from the west at an average speed of 6.4 miles per hour. When Mazzacane finished work between 4:30 and 5:00 p.m., he followed the usual practice of putting ice on the fire in the drum, and the fire died down. He left the drum about ten feet from a pile of tires and was not again on the premises until after the damage by fire had occurred. There were seven hours of sunshine on December 3. The temperature ranged from a low of 29 degrees to a high of 38 degrees.

A storm started about 9 p.m. on December 3. By midnight, four-tenths of an inch of snow and sleet had fallen. At 6:45 a.m. on December 4, three inches of snow, sleet or ice had accumulated on the ground. The storm continued until 10 o'clock that night. In all, 4.2 inches of snow, sleet and rain fell on December 4, and at 6:45 a.m. on December 5 there were four inches of snow, sleet or ice on the ground. The prevailing wind on December 4 was from the north-

east at an average speed of 14.8 miles per hour. The maximum wind speed was 34 miles per hour. The lowest temperature was 27 degrees, the highest 33. Because of the weather, no work was performed in the defendant's yard on December 4. No fires were started on that day, and there was no evidence that the fire which Mazzacane had attempted to extinguish when he quit work on December 3 had smoldered or been rekindled. At 12:36 a.m. on December 5, an alarm of fire on the defendant's property was received by the North Haven fire department. When the first engine arrived at the scene, the fire was confined to the northeast portion of the property. There were piles of tires on the property which caught fire. Fanned by a strong wind, the fire spread from the northeast to the southwest and invaded the plaintiff's property, where the fire destroyed a building and burned some automobiles.

The plaintiff claims that the fire in the drum on December 3 was not completely extinguished by the ice which Mazzacane put on it, that it smoldered so that during the following day it was reactivated by the strong wind and in some manner was transmitted to some of the tires in the defendant's yard and that the tires caught fire and thereafter caused the destruction heretofore indicated. There was no direct evidence to sustain any of these claims. The plaintiff seeks to rely on the inferences which he claims the jury could reasonably draw from the testimony of Mazzacane regarding his experiences on other occasions when he had started or maintained fires in the drum under conditions similar to those which prevailed on December 3 and had put ice on the fires to extinguish them. To summarize his testimony, it was to the effect that when he had maintained a fire in the drum for seven or eight

hours and had put ice on it at the end of the day, it would not be out the next morning when he came back to work, but would be hot underneath, and to revive it he would throw gasoline on it and it would come up. He estimated that a fire such as the one he left on December 3 would burn underneath for about twenty-four hours. He further stated that if there was snow or rain, the fire would not continue to burn for that length of time but would die out. The North Haven fire marshal did not arrive at the scene of the fire until six hours after the alarm had been given. He testified to the conditions which he observed when he got there and to the investigation which he conducted after the fire. He stated that there were ashes in the drum and also piles of ashes throughout the yard. In addition, he found wire beads from the burned tires near the drum and throughout the yard. These findings were made on December 6. Firemen and other persons had been in the yard in the meantime. The marshal did not determine where the fire originated and was unable to reach a conclusion as to the cause of it.

The plaintiff's cause of action was prosecuted under what is now General Statutes § 52-559, which provides: "Any person who sets fire on any land, that runs upon the land of any other person, shall pay to the owner all damages done by such fire." It is not enough, to warrant recovery, that the fire which caused the plaintiff's loss originated on the defendant's land. It is essential for the fire to have been set by the defendant or caused by him to be set. *Sauczcuk* v. *Frankoski,* 100 Conn. 700, 701, 124 A. 719. It is admitted that Mazzacane, when he started the fire in the drum on December 3, was acting for and under instructions from the defendant. On the basis of both the previous experience of

Mazzacane and the weather conditions which prevailed while he was at work, that is, a cold, bright, sunny, though somewhat windy day, the fire in the drum could not have lasted more than twenty-four hours, and less than that in snow and rainy weather. There was no evidence, opinion or otherwise, that a fire such as Mazzacane left in the drum on December 3 would have survived the snow, sleet and rain which continued uninterruptedly for twenty-five hours until 10 p.m. on December 4, two and one-half hours before the fire alarm was sounded. Much less was there any evidence that such a fire could have escaped from the drum and survived the snow, sleet and rain to ignite grass, tires or other combustible materials, which had themselves been exposed to the weather. Any inferences which the jury could draw from the facts presented would have to be based upon speculation and conjecture. *Dejon* v. *Smedley Co.*, 108 Conn. 659, 669, 144 A. 473. The verdict was in conflict with the indisputable physical facts. *Anderson* v. *Colucci*, 119 Conn. 241, 245, 175 A. 681; *LeBlanc* v. *Grillo*, 129 Conn. 378, 382, 28 A.2d 127. The court should have granted the motion to set aside the verdict. The facts, in the instant case, afford no basis for the exercise of the court's discretion, under § 234 of the Practice Book, to refuse to render judgment notwithstanding the verdict. *Senderoff* v. *Housatonic Public Service Co.*, 147 Conn. 18, 21, 156 A.2d 517.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant in accordance with his motion for a directed verdict.

In this opinion the other judges concurred.