HENRY J. HANAUER *v.* NICHOLAS COSCIA, JR., ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

Argued June 6—decided July 16, 1968

*Roslyn Z. P. Montlick,* for the appellant (plaintiff).

*George E. McGoldrick,* for the appellees (defendant Nicola Coscia et al.).

*Ronald M. Stark,* for the appellee (named defendant).

COTTER, J.   The plaintiff brought an action for damages for assault and battery in two counts against the named defendant, Nicholas Coscia, Jr., and against the defendants Nicola Coscia, Sr., and Mary Coscia, the father and mother of the named defendant.[1]   The second count claimed that the battery was "committed maliciously or willfully and wantonly."   The defendants denied the material allegations of the complaint, and the named defendant alleged, by way of special defense, that the plaintiff entered his home and assaulted him and that his acts were done in self-defense to protect himself, his family and his home.   The jury found for the defendants on the first count and, as directed by the court, for the defendants on the second count.[2]

The plaintiff complains that the court erred in its charge, in its refusal to charge as requested, in its refusal to set aside the verdict and because of alleged erroneous rulings on the admission of evidence.

During the summer and early fall of 1963, two of the Hanauer children, Ronald and Janice, aged ten and eight respectively, frequently complained to their parents of having trouble with Joseph Coscia, the eleven-year-old son of the named defendant, hereinafter referred to as Nicholas.   This "trouble"

---

[1] The parties have stipulated that any judgment rendered in this case shall be conclusive upon the parties and that that judgment shall be the judgment in the case of *Coscia* v. *Hanauer,* Supreme Court, No. 6197 (Court of Common Pleas, New Haven County, No. 74333).

[2] The plaintiff has not pursued his appeal from the judgment as to the second count, and it is considered abandoned.

resulted in many unpleasant incidents. As a result of these incidents, the plaintiff, on October 31, 1963, drove to the Coscia residence, parked in the driveway and knocked on the door. Hanauer and his children were invited into the Coscia residence by Nicholas. Upon entering the living room, they found the defendant Nicola Coscia, Sr., sixty-eight years of age, his wife, the defendant Mary Coscia, sixty-four years of age, the two Coscia children and Nicholas' wife. The plaintiff told Nicholas that he knew Nicholas had told his son, Joseph, to "get" Ronald, that he did not think much of him for "siccing" Joseph after Ronald and that, if the trouble between the children did not stop, he would poke Nicholas in the nose if he stepped outside.

At this point the evidence was conflicting. The plaintiff claims that Nicholas began yelling at him and attacking him, inflicting severe injuries, and that Nicholas was aided by his parents, the other defendants, who, he claims, held his arms and struck him. On the other hand, the defendants offered evidence and claim that they proved that the plaintiff accused Nicholas of being a dirty rat and a rotten father; that the plaintiff knocked Nicholas' mother to the floor and grabbed Nicholas about the neck, spun him around and threw him through a glass storm door; and that Nicholas' head went through the glass door, breaking the upper panel. The defendants claim further that Nicholas struggled with the plaintiff and finally wrestled him into a chair and held him there in an attempt to control him until police arrived.

The plaintiff claims in his assignment of errors and in his brief that the verdict for the defendants "was not supported by the evidence." We are therefore asked to decide whether there was evidence to

support the verdict since the question whether there was sufficient evidence is for the jury, who have the sole province of weighing the evidence and determining the credibility of the witnesses. *Martino* v. *Palladino,* 143 Conn. 547, 548, 123 A.2d 872. The parties to the litigation have a constitutional right to have the factual issues determined by the jury, and we decide whether, on the evidence presented, the jury could have fairly reached the verdict they did. *Rickert* v. *Fraser,* 152 Conn. 678, 681, 211 A.2d 702. A motion to set aside a verdict is to be considered on the basis of the evidence admitted. *Commercial Instrument Trust, Inc.* v. *Carrano,* 104 Conn. 302, 308, 132 A. 870. Such evidence must be given the most favorable construction in support of the verdict of which it is reasonably capable, and, where a verdict is reached on conflicting evidence, it should stand unless the jury could not reasonably have reached the conclusion which they did. *Hemmings* v. *Weinstein,* 151 Conn. 502, 504, 199 A.2d 687. The evidence, as recited in the appendices, was conflicting to such an extent "that the credibility of the witnesses became all important, and surely it was within the province of the jury to determine, if possible, where the truth lay." *Tierney* v. *Martone,* 92 Conn. 93, 95, 101 A. 497. The plaintiff printed, in his appendix, testimony from four witnesses which, if believed by the jury, would reasonably support a verdict in favor of the defendants.

The plaintiff strenuously argues, in support of his claim of error in the court's refusal to set aside the verdict, that, "[e]ven if the jury found the plaintiff to be the aggressor in the controversy between the parties, on the evidence presented, they could not possibly have found any justification for the

beating which the Coscias gave him" and that Nicholas used unnecessary and unreasonable force in repelling the attack in order to protect himself, his family and his home.

Nicholas was justified in acting as he did if he acted on the reasonable belief that the plaintiff intended to do him bodily harm whether or not the danger which gave rise to the belief actually existed if, in resorting to self-defense, he reasonably believed in the existence of such a danger. *Laffin* v. *Apalucci*, 130 Conn. 153, 155, 32 A.2d 648; 6 Am. Jur. 2d 135, Assault and Battery, § 161. The permissible degree of force used in self-defense depends on that which is necessary, under all the circumstances, to prevent an impending injury. Where a person, without fault, is assaulted in his home, he is not required to retreat from his assailant but may resist even to the extent of seriously injuring his adversary when it becomes necessary. *Beard* v. *United States*, 158 U.S. 550, 563, 15 S. Ct. 962; 39 L. Ed. 1086; *State* v. *Engle*, 115 Conn. 638, 648, 162 A. 922; *State* v. *Perkins*, 88 Conn. 360, 364, 91 A. 265; 6 Am. Jur. 2d, Assault and Battery, § 75.

As there was evidence that Nicholas was attacked in his own dwelling, that he received injuries requiring medical attention, that his mother and father were abused by the plaintiff, and that he was apprehensive and concerned about his safety and welfare and the safety and welfare of his family and his mother and father, we cannot say that the jury erred in reaching the verdict they did on the ground claimed by the plaintiff, i.e., that the force used was unreasonable or unjustifiable as a matter of law. It is not the province of this court to retry the case on disputed evidence. *Baniulis* v. *Sundik*, 112 Conn. 436, 438, 152 A. 578.

Two cases were tried together, and it is claimed that the court committed error in not referring in its charge to the named parties in each case on the ground that, in referring to them as "plaintiff" and "defendant", it confused the parties and the issues in the minds of the jury. The court repeatedly named the parties and carefully went into meticulous detail in describing their relationship to one another in each case. The instructions were sufficient for the guidance of the jury and fairly presented the issues on this aspect of the case. *Michaud* v. *Gagne,* 155 Conn. 406, 412, 232 A.2d 326.

The court was not in error in failing to charge in accordance with the plaintiff's requested instructions since the court's charge fairly and correctly covered all the particular points raised by the plaintiff. *Crowder* v. *Zion Baptist Church, Inc.,* 143 Conn. 90, 100, 119 A.2d 736; Maltbie, Conn. App. Proc. § 76 p. 92; see *Danzell* v. *Smith,* 150 Conn. 35, 40, 184 A.2d 53.

Finally, the plaintiff claims that the court erred in making certain rulings on evidence. Since two of these rulings concern the issue of damages and since the jury found against the plaintiff on the issue of liability, the correctness of the rulings are of no moment. *Burke* v. *Fancher,* 151 Conn. 640, 643, 201 A.2d 461. The plaintiff's claim of error in the charge respecting the failure to call a medical witness falls in the same category.

In the course of the trial, six photographs of the plaintiff were offered "to depict his battered condition." The court admitted only one of them, which was a full face view of the plaintiff showing the injuries he claimed to have suffered in the attack, and it excluded the other photographs on the ground

that they were duplications. It does not appear in the record that the plaintiff requested the court to mark the excluded photographs for identification in the event of an appeal. Consequently, they are not a part of the record on this appeal and therefore are not available for a review of the ruling to determine whether it was properly made.

The remaining rulings on evidence which the plaintiff challenges concern testimony produced on the cross-examination of the plaintiff and his wife regarding previous incidents between the plaintiff and other neighbors which were not connected with this case. No error can be predicated on those rulings since the finding does not disclose what answers, if any, were made by the witnesses to the questions asked. *State* v. *DeMartin*, 153 Conn. 708, 710, 216 A.2d 204; *Morrone* v. *Jose*, 153 Conn. 275, 277, 216 A.2d 196.

There is no error.

In this opinion the other judges concurred.