[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #115
The plaintiff, Tina Perrone, a Connecticut State Trooper, commenced this action against the defendant, Michael Kiyak, to recover damages for injuries she allegedly sustained when the defendant resisted arrest. The plaintiff filed a two count complaint, alleging assault and battery, and negligence. The CT Page 1275-Z defendant filed an answer, special defenses, and counterclaim. The counterclaim contains three counts alleging excessive use of force in violation of 42 U.S.C. § 1983, assault and battery, and negligence. Perrone filed an answer and special defenses to the counterclaim. The second and third special defenses to the counterclaim are the subject of this motion to strike.
Both the second and third special defenses are directed at the second and third counts of the counterclaim, which allege assault and battery, and negligence. The second special defense alleges that on his counterclaim, Kiyak has failed to comply with the provisions of Connecticut General Statutes Sec. 4-141, and therefore his claim is barred. The third special defense alleges that at all times Perrone was acting in self-defense.
The defendant Kiyak now moves to strike the second and third special defenses to the counterclaim. The defendant filed a memorandum of law in support of his motion. The plaintiff has not filed a memorandum in opposition.
"The motion to strike, Practice Book, 1978, § 151, replaced CT Page 1275-AA the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442
(Super Ct. 1983). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985).
The defendant argues that the second special defense to the counterclaim, which alleges the action is barred due to failure with Sec. 4-141 of the General Statutes, is legally insufficient for three reasons. First, the defendant claims that it alleges a jurisdictional challenge that is not properly raised as a special defense. Second, the counterclaim does not allege a cause of action against the State of Connecticut.
Third, the defendant argues that the exhaustion of state or administrative remedies is not required prior to filing an action CT Page 1275-BB under 42 U.S.C. § 1983. This argument is without merit because the second special defense is directed at the second and third counts of the counterclaim, which allege assault and battery, and negligence. The second special defense does not address the first count of the counterclaim alleging a violation of Sec. 1983. The motion to strike, therefore, cannot be granted for this reason.
The second special defense to the counterclaim is directed to the second and third counts of the counterclaim and states:
 The plaintiff on the counterclaim Kiyak has failed to comply with the provisions of Connecticut General Statute Section 4-141; therefore, his claims are barred.
Section 4-141 is the definition statute for Chapter 53 of the General Statutes and by itself makes no provisions that a party must comply with before bringing suit against the state. Chapter 53, however, sets forth the statutory requirements of making claims against the state when sovereign immunity has not been waived. Since Sec. 4-141 only defines terms for their use in Chapter 53, it CT Page 1275-CC is unclear what claim the plaintiff is alleging in its second special defense. The court presumes that the plaintiff is claiming that the defendant has not complied with the requirements of Chapter 53. Without further factual allegations, however, the court cannot determine which provisions the plaintiff alleges the defendant failed to follow, or how the defendant failed to comply. Furthermore, to the extent that the plaintiff may be alleging that the suit is barred by sovereign immunity, such an allegation is more appropriately made in a motion to dismiss. See Amore v.Frankel, 228 Conn. 358, 364, 636 A.2d 786 (1994).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992), citing Practice Book 164. The plaintiff must plead sufficient facts in support of its special defenses. See Knights of Columbus FederalCredit Union v. Salisbury, 3 Conn. App. 201, 208, 486 A.2d 649
(1985).
The second special defense fails to show that the defendant CT Page 1275-DD has no cause of action in counts two and three of the counterclaim. Section 4-141 defines terms for the purpose of Chapter 53 of the General Statutes. It is unclear from the allegations of this special defense how failure to comply with this section shows that the defendant has no cause of action. The plaintiff has not submitted a memorandum in opposition to clarify their claim in this special defense. While the court is to construe the allegations of the pleading in a manner most favorable to the pleader; Rowe v.Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988); it is not possible to determine the nature of the claim in this special defense as it is alleged. Furthermore, a motion to strike is proper where the special defense is not supported by factual allegations. Giulianov. Bourgoir Insurance Agency Co., Inc., 2 Conn. L. Rptr. 190 (July 20, 1990, Hammer, J.). The defendant's motion to strike the second special defense to the counterclaim is granted.
The defendant also claims that the plaintiff has not sufficiently pleaded a special defense of self-defense. The defendant claims that the plaintiff's third special defense is merely a legal conclusion and, without factual allegations, is legally insufficient. CT Page 1275-EE
To claim the defense of self-defense, a party must show the he or she acted "on the reasonable belief that the plaintiff intended to do him bodily harm whether or not the danger which gave rise to the belief actually existed if, in resorting to self-defense, he reasonably believed in the existence of such a danger." Hanover v.Coscia, 157 Conn. 49, 54, 244 A.2d 611 (1968); Gazzard v. Testa'sSilvertown, Inc., 2 CSCR 1123 (October 5, 1987, Hale, J.). A party raising the special defense of self-defense must allege these elements. Gazzard v. Testa's Silvertown, Inc., supra.
The plaintiff's third special defense to the counterclaim alleges that "[a]t all times mentioned in the Complaint, Perrone was acting in self-defense." The third special defense does not raise the necessary elements of self-defense, but instead only alleges a legal conclusion. Additionally, a motion to strike is proper because the third special defense is not supported by any factual allegations. Giuliano v Bourgoir Insurance Agency Co.,Inc., supra, 2 Conn. L. Rptr. 190. Therefore, the motion to strike the third special defense to the counterclaim is granted.
For these reasons, the motion to strike the second and third CT Page 1275-FF special defenses to the counterclaim is granted.
PICKETT, J.