[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
In this case the plaintiff Lucio Seguro, alleges that on July 26, 1997, he parked his van on the shoulder of Silver Lane, East Hartford, Connecticut, while delivering the Hartford Courant to Hartford Courant boxes located on Silver Lane. Further that while he was standing outside his van, a motor vehicle driven by William Leonard struck the rear of his van, causing the van to strike him. Also that prior to the collision William Leonard consumed alcoholic liquor at J.J. Toons Café, where he was employed. J.J. Toons is owned by John Cummiskey, Jr.
The instant lawsuit is against John Cummiskey, Jr. d/b/a J.J. Toons Café. Lucio Seguro had made an earlier claim against the driver William Leonard, which case was resolved. The pleadings in this case show CT Page 3280 that the defendant filed a proposed special defense claiming a set off of $100,000 related to the settlement of the companion lawsuit of Lucio Seguro v. William Leonard.
The instant case was tried to a jury on September 5, 2001. The jury rendered a verdict in favor of the plaintiff as follows: economic damages $116,882.25 and non-economic damages $160,000. As to economic damages, exhibit no. 29 shows the medicals to be $14,437.91, the balance is lost wages. The jury found the responsibility of each party as follows: John Cummiskey, Jr. 25% and William Leonard 75%.
Subsequent to said verdict the defendant has filed a Motion to Set Aside Verdict and Motion for Remittitur dated October 4, 2001. Both motions were denied by the court on October 26, 2001.
An appeal was taken by the defendant to the Appellate Court and this court renders a decision pursuant to Practice Book § 64-1.
In considering the defendant's motions, the court is required to give the evidence the most favorable construction in support of the verdict.Hanover v. Cosica, 157 Conn. 49.
 II
In his Motion to Set Aside the Verdict, the defendant claims the following:
1. The court should set aside the jury's verdict and enter judgment in favor of the defendant because the evidence was legally insufficient to support a claim against the defendant. Specifically,
 (A) The evidence failed to establish any basis for negligent supervision other than the apportionment defendant's consumption of alcohol and allowing the case to be submitted to the jury was contrary to existing law as Connecticut does not recognize a cause of action for negligent service of alcohol to adults.
 (B) An employer is under no duty to monitor its employees after they leave work.
2. It was error to deny the defendant's motion for mistrial when the plaintiff introduced evidence that the apportionment defendant's motor vehicle license had been suspended.
3. It was error for the trial court to allow evidence of lost earnings CT Page 3281 with respect to a paper route when the plaintiff did not have standing to bring the claim.
In his Motion for Remittitur the defendant claims that the paper route business was in the name of plaintiff's wife and that the amount claimed to be lost differed with amounts shown on the plaintiff's tax return.
 III
The trial revealed that Mr. Leonard had a second job as a bartender at J.J. Toons Café. On the date in question, Mr. Leonard while at home had two beers. Thereafter he went to work at J.J. Toons Café at about 6:00 p.m. Some time thereafter, while still a bartender he imbibed further beers. He was off duty at approximately 2:00 a.m. and drove to the Triple A Diner, where he went to get something to eat. Before entering the diner Mr. Leonard had some beer in his car. He then went into the diner and had a muffin. He returned to his car and had further beers. The accident occurred as Mr. Leonard was driving home.
The plaintiff's claim against John Cummiskey, Jr. is that he was negligent in failing to exercise reasonable care in the supervision of the conduct of Mr. Leonard.
Mr. Leonard was employed at J.J. Toons Café three to four years. On the day in question he worked from 6:00 p.m. to 2:00 a.m. At the scene of the accident Mr. Leonard told the police officer that he had two to three beers from 11:00 p.m. to 2:00 a.m.
The jury heard that Mr. Leonard is married to the sister of Mr. Cummiskey for fourteen years and that Mr. Cummiskey spent time at the home of Mr. Leonard.
The record also shows that on the day in question Mr. Cummiskey left the bar for a few hours to go to a concert.
As to the claim for lost wages, the plaintiff testified that he had a Hartford Courant route where he delivered papers to Hartford Courant pick up boxes. The paper route was in the name of the plaintiff's wife as was required by the Hartford Courant, however, the jury could reasonably have found that Mr. Seguro was the only person who actually ran the paper route. Also that he in fact was the actual owner and operator of the paper route.
The defendant also argues that the amount claimed by the plaintiff of lost wages of approximately $350.00 differed from what was reflected on his tax return. The plaintiff indicated that he intended to run his paper CT Page 3282 route business for another eight years but cannot because of injuries incurred as a result of the accident.
Mr. Seguro was only seeking lost wages from his paper route. As to the paper route Mr. Seguro was an independent contractor and therefore there are no employment records regarding the paper route. He stated his income from the route was $300.00 to $360.00 per week. Also after the accident he had to give up the route completely in that he could no longer lift the bundles of newspapers. His giving up the route was with his doctor's advice.
 IV
The amount of damages is a matter peculiarly within the province of the trier of fact. The court may not simply substitute its view of the evidence for that of the jury. Litigants have a right to have factual issues resolved by the jury.
"The ultimate test which must be applied to the verdict by the jury is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." Wickers v. Hatch, 252 Conn. 174. There is no evidence that the jury's verdict was based on partiality, prejudice, mistake or corruption.
That damages may be difficult to assess is, in itself, insufficient reason for refusing them once the right to damages has been established."Griffin v. Nationwide Moving Storage Co., 187 Conn. 405, 420,446 A.2d 799 (1982). The plaintiff need only provide "sufficient evidence for the trier to make a fair and reasonable estimate." Willow SpringsCondominium Assn., Inc. v. Seventh Springs BRT Development Corp.,245 Conn. 1, 65, 717 A.2d 77.
The damages awarded by the jury was clearly justified by the evidence. Damages are recoverable to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty. In the instant case, there was a sufficient evidentiary basis on which the jury could premise its award.
Accordingly, the defendant's Motion to Set Aside Verdict and for a Remittitur are denied.
Robert F. Stengel, J. CT Page 3283